## Brice's Appeal.

The Act of April 21st 1855, declares that all new buildings in the city of Philadelphia, shall front upon a street, of not less than twenty feet in width and have an open space attached thereto, of at least twelve feet square. A back building of a house was raised, two of its walls were changed from frame to brick and a number of alterations were made in the interior, so as to fit the whole for four cheap tenement houses. *Held*, that these alterations constituted a new building within the meaning of the act. *Held, further*, that under the terms of the act, the court might restrain the continuance of the work, and order the removal or change of so much of the building as came within the prohibition of the law ; but its power did not extend to controlling the use or enjoyment of it ; that upon the building being made to conform to the law, the right of the owner to let it to one or several tenants must remain unimpaired.

February 6th 1879.    Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, WOODWARD, TRUNKEY and STERRETT, JJ.

Certiorari to the Court of Common Pleas, No. 3, of *Philadelphia county :* Of July Term 1878, No. 31.

The proceedings in the court below commenced by petition of Robert N. Bowers, one of the building inspectors of the city of Philadelphia, praying for an injunction against Conrad Bachle and William Brice. The petition set forth, that in November 1877, Bachle took out a permit from the Board of Building Inspectors for the erection of a three-story addition to the back building of a house on Beach street ; that Brice is the owner, and Bachle is the builder making the alterations ; that petitioner, upon an inspection of said alterations made under color of said permit, is satisfied that said brick building is converted into four separate tenement houses which will front on a seven-feet wide yard, without any open space attached to them in the rear or at the side, equal to at least twelve feet square, as required by the Act of April 21st 1855, Pamph. L. 265.    The petition therefore prayed for an order on Brice and Bachle commanding them to close up such new doors and windows as have been opened or constructed in the rear building of said house, and to place the rear building in the same condition as it was before the issue of the permit, except as to the one three-story addition to said back building as covered by said permit, within five days, or show cause.

The answers of both Brice and Bachle denied that any new building had been erected within the meaning of the act.

The following facts were agreed upon :—

1. The question is, whether or not an alteration of the back building of house, 1084 Beach street, with a new entry-way therefrom through the main building in the front part of the house, is or is not within the provisions of the Act of Assembly, requiring every new dwelling-house to have an open space attached to it in the rear or at the side, equal to at least twelve feet square, because it is admit-

ted that if said alteration is within the act and constitutes four new buildings, there is not such an open space attached to each, or in the rear or side thereof, inasmuch as the said back building fronts on a yard but seven feet wide, and has no other open space attached to it, or to said four dwelling-houses. The question as to the frontage on a seven-feet wide alley or passage-way is also submitted.

2. Externally the alteration consists in the demolition of two frame walls of the rear room of said back building, leaving the two brick walls thereof standing, and the erection in place of the two demolished walls of two new brick ones, and in adding one new story in height to the whole rear building, which was formerly only two stories high, except the rear room, which was formerly only one story high, and which is now three stories high, and a cellar.

3. Internally the alteration of said back building as constructed, is in making four instead of three rooms, by a partition in one of the four rooms.

Formerly there were only two stairways in said back building, and the hall stairway. That now there are four stairways and the hall stairway, each of the said stairways extending to the third story. That formerly there were but two ranges in said back building, but now there are four, each of the ground rooms having one. That formerly there were but two outside doorways in said back building, but now there are four, each of the ground rooms having one outside doorway. That formerly all of the three rooms of the back building had communicating doors on the first floor, but that now one of those rooms has been divided by a studding partition, which has an opening for a doorway, with jams, &c., but said door is at present nailed up, and is not hung on hinges. It would require not more than fifteen minutes to tear off the strips by which the door is nailed up, and to swing it on hinges. The two rooms next to the main building communicate by open doors, but the door between the rear rooms on the ground floor is nailed up similarly to that in the new partition. That on the second floor none of the rooms are communicating. That on the third floor none of the rooms are communicating. That the only entrance and exit to and from the second and third floors is by the staircase leading from the rooms on the first floor directly below, except as to the first and third floor rooms next to the entry, where there are doorways to the entry.

The court made a decree: " That the defendant, William Brice, owner of the property described in the petition, open communication from room to room, on each of the three floors of the back building of said property or dwelling described in said petition, and keep open said communication; and that he shall not lease, use, or allow to be used, the subdivisions of said back building as separate dwellings or tenements, unless they, or either of them so leased or used shall be made to front upon a street, alley, or court of at least

twenty feet in width, and have attached in the rear or side to each subdivision so leased or used, at least twelve feet square of open space."

From this decree Brice took this appeal.

*John G. Johnston*, for appellant.—There is but one building fronting on Beach street, and it complies with all the requirements of the Act of 1855. The back building constitutes, with the main building, into which it opens by the hallway, and to which it is physically attached, but one entire structure. It is not necessary that the main back buildings should each have an open space in the rear or at the side, " equal to at least twelve feet square." The back building, by reason of its being raised, one story, is not a "new building" within the meaning of the act: Miller *v.* Oliver, 8 Watts 514; Landis's Appeal, 10 Barr 379; Miller *v.* Hershey, 9 P. F. Smith 65. The court erred in treating the main building and the back building as two distinct buildings, and in requiring the open space in front of both. Because the back building as altered may be separately used by different parties, does not make it a new structure. Had the interior been altered to fit it for such separate occupancy without altering the exterior, would the whole structure have been liable to demolition under the Act of 1855? The use of the building was not intended to be restricted. Prior to the alterations, the various subdivisions had been leased as tenement houses.

*William P. Messick*, for appellee.—The provisions of the law cannot be evaded by calling this tenement one building when the physical changes made showed that it was intended for use by separate families. The law was enacted to break up a custom of having tenement houses built on small alleys; of taking a building fronting on a street and connecting the side-yard into a court, and subdividing the back building into separate tenement-houses which, being thus deprived of light and air, were nests of disease: Shultz *v.* Doak, 4 Phila. R. 151.

Mr. Justice MERCUR delivered the opinion of the court May 5th 1879.

Section 6 of the Act of 21st April 1855, Pamph. L. 265, relating to the city of Philadelphia, declares " that no new dwelling-house or other building within said city shall front upon any street, alley or court which shall be of less width than twenty feet, or without being made to recede so that such street, alley or court shall be of that width, the buildings on each side equally receding; * * * Every new dwelling-house shall also have an open space attached to it, in the rear or at the side, equal to at least twelve feet square." By section 5 of the Act of 7th May 1855, Pamph. L. 464, it is made the duty of the building inspector to visit and

[Brice's Appeal.]

inspect each building that is in course of erection, construction or alteration within his district, and see that it is being erected, constructed or altered according to the act, and all acts and ordinances in force in said city. Section 18 of the same act provides that when he inspects, condemns and notifies, and his condemnation and notice are disregarded, he shall petition the Court of Common Pleas, which is authorized to make a decree restraining the continuance of the work and the removal of so much of the building as may have been constructed contrary to law. By virtue of these Acts of Assembly, and in pursuance of their provisions, the decree in this case was made.

The work complained of was the alteration and substantial change of the back buildings of a house, the main part of which fronted on Beach street. The question is whether the alterations and changes as made create a new dwelling-house or other building, within the true meaning and spirit of the act.

The changes were both external and internal. Prior to the alteration one part of this back building was two stories high, another part only one story. The main exterior alteration was made by tearing down two frame walls and erecting brick walls in their places, and by extending them so high as to make the whole building three stories. This necessarily required the other walls to be elevated.

Formerly there were three rooms only on the ground floor, two stairways in addition to the hall stairway, two ranges, two outside doors, communicating doors between all of the three rooms on the first floor. The alteration consisted in putting in a partition on the first floor, thereby creating four rooms, and making such further changes that now there are four stairways, besides the hall stairway, each extending to the third story; four ranges, each room on first floor having one; an outside doorway to each of said four rooms; two of the doorways between adjoining rooms on this floor are nailed up; and none of the rooms on either the second or third floor are communicating.

This construction and arrangement shows a clear intention to make four separate dwelling-houses. Although a part of the old building is retained, yet new and distinct dwelling-houses are built where they did not stand before. Each by itself has the necessary formation and appointments to constitute a cheap tenement house for a family.

The object of the act was to secure and protect health and life, by furnishing each family with a sufficient quantity of light and pure air, and with a reasonable facility for escape in case of fire. It should be so construed as to give due effect to its wise sanitary provisions.

We think the learned judge was clearly right in holding the changes and alterations constituted a new building within the mean-

ing of the act. It is conceded that if the buildings are within the act, there is not such an open space attached to each or in the rear or side thereof, as the statute requires, for they all front on a yard only seven feet wide, and have no other open space attached to them.

In so far as the decree orders the appellant to open communication between the rooms on each floor, and keep them open, so as to destroy the separate character of the houses, we see no error; but we are unable to find any warrant in the statute to sustain the other part of the decree which restricts the appellant's right to lease a part of his building separately, or permit it to be so occupied. The power of the court under this act seems to be limited to restraining the continuance of the work, and to ordering the removal or change of so much of *the building* as may come within the prohibition of the law; but extends not to controlling the use and enjoyment of it. On the building being made to conform to the law, so that it may remain, the right of the owner to let it to one or to several tenants must remain unimpaired. This part of the decree is reversed and so modified, the other part of the decree is affirmed.

And now, May 5th 1879, this cause having been duly argued by counsel, it is now on due consideration thereof, ordered, adjudged and decreed that the appellant, William Brice, owner of the property described in the petition, open communication from room to room on each of the three floors of the back building of said property or dwelling in said petition described, and keep said communication open.

It is further ordered, that the costs in the court below, and one-half of the costs of this appeal be paid by the appellant, and the other half of the costs of the appeal be paid by the appellee.