## George et al. *v.* Goodovich et al., Appellants.

*Injunctions—Nuisance—Garages — Residential neighborhood—Equity.*

1. Twenty separate one-story buildings or compartments facing each other, ten on each side of a fourteen-and-one-half-foot highway, will be enjoined from being used as garages in a residential neighborhood, where it appears that they are to be rented separately as private garages, and that, owing to their small size, the washing of the cars will have to be done in the street, and that the operation and washing of the cars in the narrow driveway will cause unusual noise.

2. The question as to what constitutes a nuisance depends upon the nature of the acts of which complaint is made, and not upon the means by which produced, or the particular description applied to them.

3. A so-called "private" garage may be operated in such manner and on so large a scale that the annoyance and disturbance result-

ing therefrom, to residents in the vicinity, may be fully as great or even greater than would result from the operation of a small public garage in the same place.

Argued November 23, 1926.   Before FRAZER, WALL-ING, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 217, Jan. T., 1926, by defendants, from decree of C. P. No. 1, Phila. Co., March T., 1925, No. 12562, for plaintiffs, on bill in equity, in case of Harry E. George et al. v. Rose Goodovich et al.   Affirmed.

Bill for injunction.   Before TAULANE, J.
The opinion of the Supreme Court states the facts.
Decree for plaintiffs.   Defendants appealed.

*Error assigned* was, inter alia, decree, quoting it.

*James L. Baxter,* with him *Maurice J. Friedman,* and *Thomas Bluett,* of *Welsh & Bluett,* for appellants.— The use and operation of appellants' buildings as a group of twenty separate and private garages for storage purposes will not constitute an offensive business or a nuisance per se: Rhodes v. Dunbar, 57 Pa. 274.

Equity will only afford relief by injunction where an anticipated nuisance is certain and inevitable: Braun v. Refining Co., 27 Pa. Dist. R. 451; Eckman v. Irvin, 27 Pa. Dist. R. 795; Dunn v. Armstrong, 29 Pa. Dist. R. 1061; Houghton v. Kendrick, 285 Pa. 223; Francis v. Dean, 80 Pa. Superior Ct. 108.

*Charles J. Weiss,* of *Wessel, Bennett & Weiss,* with him *Harry L. Jenkins,* for appellee, cited: Hohl v. Modell, 264 Pa. 516.

OPINION BY MR. JUSTICE FRAZER, January 3, 1927:
Defendants appealed from a decree granting an injunction restraining the use as private garages of two adjacent buildings belonging to them. It is conceded the neighborhood in which the structures were erected is

VOL. CCLXXXVIII—4

50    GEORGE et al. *v.* GOODOVICH et al., Aplnts.

residential, and the sole question presented by appellants for our consideration is whether the court below properly held the use of the buildings for the purpose intended, in a residential neighborhood, constituted a nuisance and violation of a restriction in the deed to defendants' property forbidding its use for any offensive business.

The garages are built on a lot having a fifty-foot frontage on Warnock Street, in the City of Philadelphia, and consist of two one-story buildings, each of considerable length, extending the full depth of the lot and facing each other, on a fourteen and one-half foot driveway, which extends from Warnock Street through the center to the rear of the lot, thus leaving an approximate depth of seventeen and one-half feet for the building on each side. Each building is divided into ten separate compartments eight feet in width, with galvanized iron partitions to a height of six feet, and chicken wire extending from the top of the iron to the roof. The only openings in the buildings are doors facing the driveway for use as an entrance and exit for automobiles to and from the several stalls or compartments.

The twenty separate compartments were intended to be rented to individual owners of automobiles, to each of whom would be furnished a key to the particular division leased by him. No service of any kind was to be furnished by defendants, nor was it intended automobile supplies should be sold on the premises. Each tenant to have sole charge and control of his individual garage with the right to use the driveway as a means of driving his car in and out of the building at any time, day or night.

The court below found, and these findings are amply supported by the testimony, that a fourteen and one-half foot driveway was too narrow and contracted to permit an automobile to turn in or out of the compartments or stalls without backing and retreating a number of times in the process; that this action would be accompanied

by noise caused by the racing of engines and shifting gears; that the use of the driveway from time to time and passing from the street across the sidewalk by twenty automobiles would be accompanied by danger to pedestrians, cause a congestion of traffic and result in unusual noise; that owing to the fact that the buildings were not equipped on the inside for washing and caring for cars, making incidental repairs, changing tires, etc., the owners of cars would be obliged to do work of this character in the street adjoining the garages, which consequently would result in disturbing noises and annoyance to adjoining residents; that such work and the making of such repairs could not be provided against by defendants by provision in the lease, and especially as no caretaker or other person in charge of the garage was stipulated for; that the housing of twenty automobiles on the premises must necessarily result in disturbing noises, unpleasant fumes from gasoline and oil, and consequent annoyance to residents in the neighborhood, and also depreciate the value of adjoining properties for residential purposes.   Under the evidence we are in accord with the conclusion reached by the court below as stated in its opinion that "after a most careful review of the evidence and an inspection of the premises, we have no doubt that the use of the defendants' two buildings as a nest of twenty separate private garages will be a nuisance in the neighborhood."

The question whether a garage of the character here described is a nuisance in a residential neighborhood was discussed in the recent case of Hohl v. Modell, 264 Pa. 516, and determined adversely to defendants in this case.   The court below, after referring to the facts in Hohl v. Modell, and quoting from the opinion in that case said: "All the annoyances and inconveniences suffered by the neighbors in the Hohl Case will be imposed upon the neighbors in the case at bar by the use and maintenance of the defendants' buildings as garages; probably more so by reason of the narrowness of the

driveway and the peculiar construction and arrangement of the defendants' buildings." This conclusion of the court below is fully sustained by the facts.

The question as to what constitutes a nuisance depends upon the nature and result of the acts of which complaint is made and not upon the means by which produced or the particular description applied to them. Accordingly, the mere fact that the building was intended as a "private" as distinguished from a "public" garage is not the determining factor in the case. A so-called "private" garage may be operated in such manner and on so large a scale that the annoyance and disturbance resulting therefrom to residents in the vicinity may be fully as great or even greater than would result from the operation of a small public garage at the same place. Premises used for the purpose of housing automobiles belonging to others, especially to the extent here proposed, is conducting a business thereon, regardless of whether storage space is rented by the day or week to any member of the public who may apply, or whether he leases by the month or year, by special contract made in advance, and, in the latter case, whether such business is an offensive one or a nuisance in the neighborhood, is one of fact depending upon all the circumstances of the case.

The decree is affirmed at costs of appellants.