## La Rossa *v.* Forte et ux., Appellants.

*Nuisance—Garage—Petition by private party for removal of—Acts of April 21, 1855, P. L. 264, section 6, and May 5, 1899, P. L. 193—Damages—Proof.*

In a proceeding in equity, instituted by an adjoining property owner, to compel the removal of a garage erected in violation of the Acts of April 21, 1855, P. L. 264, section 6, and May 5, 1899, P. L. 193, regulating the construction of buildings and creating a Bureau of Building Inspection in Philadelphia, it was error for the court to order the removal of the garage.

A court of equity is without authority to order the removal of a structure erected in violation of the Acts of 1855 and 1899, at the request of a private party.

In such proceedings the use of the garage will be enjoined where it appears that it materially interfered with the reasonable and comfortable use by plaintiff of her home adjoining the garage.

In such case evidence that there was a "drop in the property" without attributing the reduction in value to the use of the garage is too vague and indefinite to sustain an award of three hundred dollars damages.

Argued October 27, 1927.  Appeal No. 298, October T., 1927, by defendants from decree of C. P., No. 3, Philadelphia County, September T., 1926, No. 12500, in the case of Carmela La Rossa v. Claudio Forte and Guiseppina Forte, his wife.  Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.  Modified.

Proceedings in equity to compel the removal of a garage.  Before DAVIS, J.

The facts are stated in the opinion of the Superior Court.

The court ordered defendants to remove the garage and pay three hundred dollars damages.  Defendants appealed.

*Error assigned,* among others, was the decree of the court.

*Martin G. Stein,* for appellant.—A private citizen has no right to invoke the aid of equity to restrain acts prejudicial to the public interest: Wilson v. Blaine et al., 262 Pa. 367; Rhymer v. Fretz, 206 Pa. 230; Alexander v. Wilkes-Barre Anthracite Coal Co., 254 Pa. 1; Commonwealth et al. v. Smith et al., 266 Pa. 511; Sparhawk v. Union Passenger Ry., 54 Pa. 401.

*Michael J. Geraghty,* for appellee.

OPINION BY LINN, J., March 2, 1928:

The decree requires defendants to take down their garage and to pay $300 damages.  They own and occupy a dwelling with a storeroom or office (the storeroom was vacant at the time of the trial) on a lot at

the southwest corner of Woodstock and Mifflin Streets, containing 53 feet on Woodstock Street and 17 feet on Mifflin Street. On the Woodstock side, in the rear of the dwelling, there was a yard 8 x 17 feet, the only open space on the lot. On that space they built a one-story garage against the protest of the plaintiff and are using it notwithstanding that they were ordered to remove it by the Bureau of Building Inspection of the City of Philadelphia.

Plaintiff's two story dwelling fronts on Woodstock Street and adjoins the garage. She filed her bill charging that the construction and use of the garage were a nuisance and praying for a decree requiring defendants to remove it and compensate her. The chancellor found that the use was a nuisance, i. e. that it materially interfered with the reasonable and comfortable use by plaintiff of her home adjoining the garage: Rhodes v. Dunbar, 57 Pa. 274, Hohl v. Modell, 264 Pa. 516; Phillips v. Donaldson, 269 Pa. 244; Houghton v. Kendrick, 285 Pa. 223, 228; George v. Goodovich, 288 Pa. 48. This conclusion is challenged by appellants but we must sustain it because it is supported by evidence.

Plaintiff's front door is within a few feet of the garage. Woodstock Street is described as "very narrow, a little side street"; to drive the car into the garage which is also narrow, requires considerable maneuvering of the car so that it may be driven straight into the garage; such entrance and exit make more or less noise. The curb at the sidewalk is described as high; to drive over it requires that defendants place a plank to furnish access from the cartway up to the sidewalk; in doing so, the evidence is, considerable noise is made; this is often done late at night. The two doors of the garage open outward and are frequently left open at right angles to the garage, obstructing passage by extending "about half way"

over the sidewalk. One of the findings of fact is that defendants wash the car on the sidewalk; this finding is challenged as unsupported by the evidence. There is testimony that the car is washed in the street and also at times while standing partly on the sidewalk and partly in the street; on this subject plaintiff's husband testified: "Many a time when I go out ...... I could not walk along the pavement; I had to get off the pavement and go on the other side of the street, because the car was right across the pavement." Oil is dropped on the sidewalk in front of the garage in such quantity that it is tracked over the plaintiff's sidewalk by pedestrians. Occasionally defendants shake out rugs on the roof of the garage, so that the dust and dirt blow into plaintiff's open windows. The immediate neighborhood may fairly be said to be residential in character. Some of the inconveniences described are perhaps of little consequence by themselves, but all taken together support the conclusion of the chancellor.

We cannot agree with the award of $300 damages. The evidence that the construction and use of the garage depreciated the value of plaintiff's property in that amount is too vague and indefinite. The witness who testified on the subject stated that there was a "drop in the property," but it is uncertain whether he attributed that to the garage or whether he was referring to a general shrinking of the market price of real estate in the neighborhood to which his attention was directed and which he testified had taken place. The burden of proof was on plaintiff but she failed to make it clear: Baxter v. Girard Trust Co., 288 Pa. 256, 263.

While this record shows a prima facie case requiring the removal of the garage on proceedings under the act of April 21, 1855, P. L. 264, section 6, and of May 5, 1899, P. L. 193, if brought on behalf of the City

of Philadelphia, (Brice's Appeal, 89 Pa. 85; Zimmerman v. Building Inspectors, 19 Phila. 341, 5 Pa. Co. Ct. Rep. 520; Phila. v. Brown, 20 Phila. 326, 9 Pa. Co. Ct. Rep. 670), we find no authority justifying an order of removal at the request of a private party: see Wilson v. Blaine, 262 Pa. 367, 370; Alexander v. W. B. Anthracite Coal Co., 254 Pa. 1, 8. The statutory requirement is that every dwelling lot must have at least an unbuilt-upon area of 144 square feet. Though defendant's yard seems to have had only 136 square feet, the construction of the garage left no open area. It was built not only in defiance of notices from the bureau of building inspection, but their notice to take it down was ignored by defendants. The record shows that the subject was referred to the City Solicitor by the Bureau of Building Inspection for affirmative action, and that apparently no further proceedings were taken. Nothing in this opinion shall be considered as deciding that the statutory proceedings to obtain the removal of the garage may not be taken by the municipal authorities and prosecuted to a conclusion. It was suggested in argument that the statute did not apply to a dwelling erected on a corner lot. The construction of the act has been otherwise: see opinion by MITCHELL, J., in Zimmerman v. Building Inspectors, supra, and by WILSON, J., in Phila. v. Brown, supra.

The use of the garage as described has been found to be a nuisance and should be restrained. The decree will be modified by striking from it so much as requires the removal of the garage at the prayer of the plaintiff, and so much as requires the payment of $300 compensation. Without prejudice to the right of the City of Philadelphia to proceed as it may be advised, the following decree shall be made:

It is ordered, adjudged and decreed that defendants, Claudio Forte and Guiseppina Forte, and each of them

and their agents, servants and all persons acting or claiming under them be and are hereby restrained from using the structure 8 feet by 17 feet fronting on Woodstock Street at the rear of their dwelling at the southwest corner of Woodstock and Mifflin Streets in the City of Philadelphia as a garage and from maintaining in it an automobile. All the costs in the case including the cost of this appeal shall be paid by the defendant-appellants.