Pilling et al., Appellants, *v.* Moore et al.

Argued January 8, 1932. Before FRAZER, C. J., KEPHART, SCHAFFER, MAXEY and DREW, JJ.

*A. Carson Simpson,* with him *Russell Duane, Joseph L. McAleer* and *Ira Jewell Williams,* for appellants.— The evidence amply supported the findings of fact by the chancellor that the locus in quo was a residential

neighborhood of the first or second class as defined by this court.

The presence of the Nugent and Presser homes and the apartment houses does not make the neighborhood one of the third class: Nesbit v. Riesenman, 298 Pa. 475; Krocker v. Planing Mill Co., 274 Pa. 143; Long v. Tire & Rubber Co., 303 Pa. 208.

The garage is a nuisance per se: Burke v. Hollinger, 296 Pa. 510; Ladner v. Siegel, 296 Pa. 579; Peirce v. Kelner, 304 Pa. 509; Nesbit v. Riesenman, 298 Pa. 475.

*Morris Wolf*, of *Wolf, Block, Schorr & Solis-Cohen*, with him *C. Brewster Rhoads* and *Montgomery & Mc-Cracken*, for appellee.—In third class residential districts a garage properly built to, under or around an apartment house is not a nuisance per se. Its use, however, from the fact of operation, may become a nuisance: Nesbit v. Riesenman, 298 Pa. 475.

In the Ladner Case, this court upheld the right of the lower court to modify its decree so that the garage might be used for the storage of automobiles by the tenants of certain named apartment houses: Neff v. Gorman, 303 Pa. 186.

Exercising its discretion in regard to the classification of the district involved in the present case, the court below found that the district involved was a third class and not a second class residential district.

OPINION BY MR. CHIEF JUSTICE FRAZER, March 14, 1932:

Complainants by their bill sought to restrain the erection of a garage in the rear of, and contiguous to, a large apartment building located at 246-8 West Upsal Street, Germantown, Philadelphia. The garage is intended to accommodate one hundred and fifty automobiles, and defendants in their answer assert that the garage is to be used solely for the storage of automobiles owned or used by tenants of the aforesaid apartment

house. The learned chancellor who heard the case granted an injunction. Exceptions taken to this adjudication were sustained by the court in banc, and the bill accordingly dismissed "without prejudice to plaintiffs' right to reopen the proceedings if the future operation of the garage becomes in fact a nuisance."

The chancellor found the locus in quo is a neighborhood predominantly residential in character, and in accordance with the classifications mentioned in Burke v. Hollinger, 296 Pa. 510, he concluded the neighborhood in question was a residential district of the second class. Consequently, he further held the operation of a garage for the accommodation of one hundred and fifty automobiles is a nuisance per se in a residential district of the second class, and as such is restrainable by injunction. The court in banc, after careful consideration of the testimony, and a view of the locality, decided the neighborhood was a residential district of the third class. Following Ladner v. Siegel, 296 Pa. 579, 591, to the effect that "in third class residential districts, a garage properly built to, under or around an apartment house is not a nuisance per se," the court below reversed the chancellor and dismissed the bill, with the qualifications already referred to.

The case is now before us on the appeal of plaintiffs from the decree dismissing the bill. We do not feel it necessary to review or restate the principles upon which this court has decided the many public garage cases which have been before us in recent years. They are authoritatively set forth in Burke v. Hollinger, supra; Ladner v. Siegel, supra; Nesbit et al. v. Riesenman, 298 Pa. 475. We do not intend at this time to depart from the rules therein laid down. However, features of the case before us deserve comment.

The chancellor found the neighborhood of the garage to be "predominantly residential," and ordinarily where there is evidence to support such finding, it will not be disturbed by the appellate court: Burke v. Hollinger,

supra; Nesbit et al. v. Riesenman et al., supra; Peirce v. Kelner, 304 Pa. 509, 513. But where the findings of a chancellor are reversed by the court in banc, and reasons are given for this action, "it becomes the duty of an appellate court to fully and carefully examine them, together with the entire record, and determine whether the action of the court in banc is justified, keeping in mind the weight to which the original findings are entitled and also the reasons given for their overthrow": Belmont Laboratories v. Heist, 300 Pa. 542, 548.

In this case we are impressed by the fact that the neighborhood in question is rapidly changing in character. It is frequently difficult to determine the precise classification into which a particular locality falls and this is especially true in a period of transition. But mere classification is not always determinative of the legal remedies flowing therefrom. Each case must, in a measure, stand upon its own facts. We said in Burke v. Hollinger, cited above, page 517, that "a public garage is not a nuisance in itself, yet it becomes such when conducted in a residential neighborhood" and this doctrine has been affirmed and reiterated many times since that decision. In Ladner v. Siegal, supra, the strict rules referred to in the Hollinger Case were somewhat relaxed, and it was emphatically stated, page 588, that "our decisions were based on the effect the use had on adjoining owners in damage to property and injury to health." See also Yeager v. Traylor, 306 Pa. 530. In the case before us, we cannot feel that a modern garage of fireproof construction, and as near soundproof as human ingenuity can make it, will work a substantial injury on adjacent property owners in this particular neighborhood, when the use and accommodations of the garage are restricted to the occupants and guests of the apartment building connected therewith.

We are further confirmed in this opinion by the fact that to hold otherwise would work an unjust discrimination between individual owners of property or tenants of

small apartments and large apartment house dwellers in respect to the convenience of storing their motor vehicles on the premises where they reside. A garage under these circumstances however should not be permitted to become a nuisance nor to be without limitation or restriction.

The bill is reinstated with directions that the decree be modified by the court below to the extent of permitting the operation on appellees' premises of a garage of modern construction and in keeping with the neighborhood, of sufficient capacity to accommodate the reasonable requirements of appellees' permanent apartment house tenants, and not for public or other purposes; the court below to retain the bill for further action in case the garage is not operated in conformity with this opinion, or its use or operation should hereafter in fact become a nuisance.

As herein modified, the decree is affirmed at appellees' costs.