## Yeager et al. *v.* Traylor, Appellant.

Argued February 2, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY and DREW, JJ.

*Fred B. Gernerd,* for appellant.—A garage is a necessary appurtenance to a modern hotel.

A building used for the parking of automobiles attached to a hotel and apartment house and exclusively used by its guests and patrons, without servicing or a rental charge, is a private garage.

The proposed building and the uses for which it is intended is not a nuisance per se: Burke v. Hollinger, 296 Pa. 510, 520.

*L. H. Rupp,* of *Butz & Rupp,* for appellee.—The proposed structure is a public garage: Burke v. Hollinger, 296 Pa. 510; Nesbit v. Riesenman, 298 Pa. 475.

OPINION BY MR. CHIEF JUSTICE FRAZER, March 14, 1932:

Appellant is owner of a hotel and apartment house building located at the corner of 15th and Hamilton Streets, in the City of Allentown. The building, originally constructed and used as an apartment house, is

now used partly as a hotel, having 138 rooms, and partly as an apartment house containing 19 apartments with 103 rooms. The newer part of the building, containing 80 rooms, is used almost exclusively for transient hotel guests. The average stay of transients of whom, 85% arrive in motor cars, is overnight. Appellant proposes to construct and attach to the rear of the building a garage as a parking place to be used both by his hotel patrons and by the apartment house tenants. The proposed building is to front 70 feet on 15th Street and 180 feet on Maple Street, and to be constructed of steel with concrete floors. The front on 15th Street and the side for 25 feet back on Maple Street to be brick and precast stone construction. Except for this part, the garage building is to be entirely unenclosed, the roof or second floor being supported by steel columns. One of the entrances is located on 15th Street; the other, at the southeast corner of the garage on Maple Street, gives access to the ramp 82 feet long leading to the roof, where cars are to be stored. The ramp runs along Maple Street just opposite the dwelling house of Sheldon, one of complainants.

Appellant was about to proceed with construction work when this bill to enjoin the erection was filed. The court below, in addition to the above facts, found the neighborhood to be exclusively residential. The adjacent houses were of an expensive character, all being of brick construction with deep lots surrounded by large shade trees, green lawns, and artistic landscaping. The chancellor found the proposed building to be an open air parking place with unenclosed floors and roof; that a building of that kind, with the character of construction intended, would, under any scheme of operation, be a nuisance per se because of noise, gas, and vapors coming from the cars at any season of the year, but particularly in winter weather. The proposed construction was enjoined as likely to injure the health and disturb the

quiet and peace of the neighborhood. This appeal followed.

The court below correctly stated the rule that a public garage in a strictly residential neighborhood is a nuisance per se. Mitchell v. Guaranty Corp., 283 Pa. 361, Carney v. Penn Oil Co., 291 Pa. 371, and a host of other cases, which have been rigidly adhered to, enunciate this doctrine, nor does the court now intend to depart from this rule. Furthermore, we are of the opinion that the court below properly applied this doctrine to the facts of the case before it.

There have been many garage cases before this court involving the rights of home owners as opposed to attempts by others to put adjacent property to uses which have a tendency to impair health or safety, or which work a destruction of property values; in each case the courts have consistently endeavored to prevent such nuisances.

Originally a public garage for the storage of cars, with its noises and gases, was held to create such a nuisance that, on complaint of a number of home owners, the erection of the building or the use contemplated would be enjoined. This was first held in Prendergast v. Walls, 257 Pa. 547. There the general public were invited to store their cars. Injunctions were granted in other instances, as in Hohl v. Modell, 264 Pa. 516 [24 cars to be stored]; and in Slingluff v. Tyson, 280 Pa. 206, where only owners of Paige cars who lived within a designated radius were to store their cars. A similar injunction was granted to restrain the erection of a building for the storage of Hudson-Essex cars in Mitchell v. Guaranty Corp., 283 Pa. 361; and in George v. Goodovich, 288 Pa. 48, a community garage for the storage of 20 cars was enjoined. In this latter case, each stall was intended for lease to an individual car owner, and servicing, sale of supplies, or attendants were not permitted.

In the cases referred to we restrained construction because of "The proposed use, the location of the building in a particular section, the accompanying disturbances,......the damages resulting to adjoining property and the injury to the health of the people living within the radius of active operations." But in Burke v. Hollinger, 296 Pa. 510, recognizing that places must be provided for the storage or parking of cars, we held, where the objectionable features of noise and gases are eliminated, as they were in that case, a garage for the general public may be operated though the district be partly residential and partly given over to business and in fact bordering on a business locality. There the circumstances were entirely different from those now before us and that case has practically no application here. This was followed by Ladner v. Siegel, 296 Pa. 585, where a district theretofore strictly residential had been given over to apartment house uses, and we held the owners of such houses should be permitted to attach to their respective buildings garages for the exclusive use of tenants in each building, but not for the use of the general public. In such cases the controlling reason was not that the district had been turned into a commercial one by the advent of apartment houses, but that the district had to a degree lost its exclusive character through the erection of such apartment houses, and that tenants of these respective houses should be afforded reasonable accommodation for their cars consistent with the character of the neighborhood as thus changed.

In Peirce v. Kelner, 304 Pa. 509, and in Pilling v. Moore, 306 Pa. 406, we held that where the character of the neighborhood had changed substantially to that of an apartment locality, garages in connection with the separate buildings for use of tenants were permissible under proper regulations, and that apartment house owners have the right to construct and attach to their buildings other structures for the exclusive use of tenants of the apartment house for the parking or storing

of their automobiles. This reasoning is properly applicable to the case before us, and the owner of the apartment-hotel in question should have the privilege of erecting a parking garage suitable to the requirements of its permanent tenants. This right, however, is not to be exercised without limitations, which must be under supervision of the proper court. The proposed building in the case before us, if erected, must be enclosed entirely and conform in architectural design to the building to which it is attached. Ramps and other devices having a tendency to disturb the peace and quiet of the neighborhood must be avoided, and all means for raising and lowering cars must be within the walls of the building. If it is proposed to supply parking space upon the roof, an effective screen must be provided by means of a suitable balustrade or other device to hide the unsightly appearance which would be the result of such practice. No repairs of any character accompanied by noise should be carried on, and the sale of gasoline and oil should be limited strictly to tenants occupying the apartments and having cars stored in the garage.

The decree of the court below is modified to the extent herein indicated for the erection of a garage of modern construction, of suitable and proper proportions, and architecture such as will be in keeping with the general character of the community, the garage to be used exclusively by appellant's apartment house tenants and not for other purposes. If a garage is erected, it shall conform to what we have indicated in this opinion, and the court below shall retain the bill for further action lest the use and operation of the garage in fact becomes a nuisance.

Decree as modified herein is affirmed, with leave to appellant to proceed as here indicated. Appellant to pay the costs.