Baker et ux. *v.* Moore et al., Appellants.

Argued January 5, 1933.   Before Frazer, C. J., Kephart, Schaffer, Maxey, Drew and Linn, JJ.

40

*David F. Maxwell,* with him *George B. Clothier, Leon J. Obermayer, Alfred R. Haig* and *Edmonds, Obermayer & Rebmann,* for appellant.—Appellants should be given

an opportunity to show by the actual operation of this garage that its objectionable features can be removed and that it can be so operated as not to become a nuisance in fact: Ladner v. Siegel, 296 Pa. 579; Ladner v. Siegel (No. 4), 298 Pa. 487; Pilling v. Moore, 306 Pa. 406.

*A. Carson Simpson,* with him *Ira Jewell Williams, Jr., Ira Jewell Williams, Joseph L. McAleer* and *Brown & Williams,* for appellee.—The court below found that the operation of the garage would necessarily create a nuisance in fact, not that it had been proved such by actual operation.

A use of a structure which will necessarily be a nuisance in fact may be enjoined: Penna. Co. v. Sun Co., 290 Pa. 404.

OPINION BY MR. JUSTICE LINN, March 20, 1933:

Plaintiffs averred ownership and residence in a house constructed on a lot on the east side of Greene Street near Upsal Street in Germantown, Philadelphia, and prayed for an injunction restraining the construction on the adjoining lot of an apartment-house garage to accommodate 48 automobiles, on the ground that the construction and operation of the garage would be a nuisance. Defendants answered. By the time the case came on for hearing, the apartment-house and the garage had been erected. In his adjudication the learned chancellor recommended a decree nisi, as prayed for, holding that the garage would be a nuisance [1] "because erected in a residential neighborhood of the first or second class"; and [2] as it was accessible only by means of an inadequate driveway; also for the reason that "it cannot be entered by the means now provided, nor any within the defendants' control, without becoming a nuisance."

After the adjudication was filed, and before exceptions were heard, this court filed its opinion in Pilling v.

Moore, 306 Pa. 406, 160 A. 109, involving the construction of an apartment-house garage on Upsal Street on land separated from defendants by a lot of about 100 feet in width. Accordingly, following Pilling v. Moore, the court in banc, in an opinion written by the learned president judge, sustained exceptions relating to the effect of the construction of the garage in the neighborhood involved, but adhered to the conclusion that the injunction should be granted for the other reason, that, as constructed, its use by and operation on behalf of the tenants of the apartment-house, would constitute a nuisance. Defendants appeal.

The only questions for consideration therefore grow out of the construction and use of the driveway in their relation to plaintiffs and their property. The relevant findings of fact will be found in the reporter's statement of the case; though only a part were excepted to below, all have the approval of the court in banc, and, as there is evidence to support them, they must be accepted here.

The apartment-house occupies defendants' entire lot except the space at the back taken up by the garage and the space on the side taken up by the narrow driveway. This driveway is considerably over 200 feet long, affords ingress and egress from Greene Street, is uncovered and extends alongside the apartment-house and along the western boundary of plaintiffs' lot. Their house, occupied by them for years, is 22 feet from the driveway and 135 feet from the garage doors.

Appellants' contention is that the court was without power to find, on the information now in the record, that the use of the driveway, as constructed, would be a nuisance; that the use should be permitted, leaving to the future to determine whether it would become a nuisance in fact. While it would undoubtedly have been within the power of the court to make an interlocutory order permitting such temporary use for the purpose of aiding the court in determining what relief, if any, should be granted, the experiment is not necessary, if the court

is otherwise satisfied by the record. But appellants' primary contention overlooks both the law and the facts. Nuisance, or the injury resulting from nuisance, actually threatened, practically certain, and not merely probable, will be enjoined: Penna. Co. v. Sun Oil Co., 290 Pa. 404, 138 A. 909; see also George v. Goodovich, 288 Pa. 48, 135 A. 719, noting what was said of the prospective use of a narrow driveway at pages 50, 51.

It is matter of common knowledge that the noises and other interference with quiet enjoyment of plaintiffs' premises in their ordinary use according to the prevailing standard of the neighborhood (see particularly findings of fact 7, 9, 10 and 11) will necessarily result from the use of this garage and driveway by 48 tenants or any substantial number of them. The exercise of the rights of adjoining or neighboring landowners is of course limited by duties owing to each other. Their administration, as affected by the public garage and the apartmenthouse garage, have been considered in many recent decisions which need only be referred to.*

After study of the record we are impressed by the statement of the court in banc that "defendants' sparing use of their own land has thrown an unnecessary and avoidable burden and annoyance upon their neighbor."

In Krocker v. Westmoreland Planing Mill, 274 Pa. 143, 117 A. 669, we said, "Noise which constitutes an annoyance to a person of ordinary sensibility to sound, so as to materially interfere with the ordinary comfort of life and to impair the reasonable enjoyment of his

---

* See Prendergast v. Walls, 257 Pa. 547, 101 A. 826; Hohl v. Modell, 264 Pa. 516, 107 A. 885; Phillips v. Donaldson, 269 Pa. 244, 112 A. 236; Hibberd v. Edwards, 235 Pa. 454, 84 A. 437; Unger v. Edgewood Garage, 287 Pa. 14, 134 A. 394; Tyson v. Coder, 83 Pa. Superior Ct. 116; George v. Goodovich, 288 Pa. 48, 135 A. 719; Ladner v. Siegel, 293 Pa. 306, 142 A. 272; 294 Pa. 360, 144 A. 271; 296 Pa. 579, 146 A. 710; 298 Pa. 487, 148 A. 699; Burke v. Hollinger, 296 Pa. 510, 146 A. 115; Pilling v. Moore, 306 Pa. 406, 160 A. 109; Yeager v. Traylor, 306 Pa. 530, 160 A. 108.

habitation to him, is a nuisance: Joyce, Law of Nuisances, page 216, section 174. Noise itself may be so unusual and distracting as to justify an injunction: Ladies Decorative Art Club's App., 10 Sadler 150; Dennis v. Eckhardt, 3 Grant 390." The subject is considered and the same conclusion reached, in Rurhmer v. Polsue [1906], 1 Ch. 234; on appeal, [1907] A. C. 121; Vanderpant v. Mayfair Hotel Co., 142 Law Times Reports, 198 (1932); and, see Nuisance by Noise, 173 Law Times, 230 (1932).

If the temporary operation, referred to in appellees' brief, has disclosed the possibility of change in the physical structures sufficient to warrant a modification of the decree appealed from, defendants may make appropriate application to the court below: Ladner v. Siegel, 298 Pa. 487, 503, 148 A. 699.

Decree affirmed at the cost of appellants, though without prejudice to their right to apply to the court below for modification of the decree on a showing of changed circumstances warranting such application and relief.