White et al. *v.* Old York Road Country Club et al., Appellants.

Argued April 20, 1936.  Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

148

*William A. Schnader* and *Theodore Lane Bean,* with them *J. William Ditter,* for appellants.

*Samuel D. Conver,* for appellees.

OPINION BY MR. CHIEF JUSTICE KEPHART, May 25, 1936:

When this litigation came before the court in *White v. Old York Road Club,* 318 Pa. 346, we affirmed the action of the court below in enjoining the proposed operation of a gasoline station. Later, while the record was before us, we entertained a petition to modify the decree that had been entered eighteen months before and remanded the proceedings for a rehearing in the light of changed conditions in the neighborhood of the station: *White v. Atlantic Refining Co.,* 318 Pa. 569. After a rehearing by the court below, the modification was refused. This appeal followed.

Old York Road, adjoining the land on which the gas station is to be erected, is a main artery of travel. It is lined with double car tracks and heavily traveled by automobiles and trucks. Appellee High's dwelling is over

200 feet north of the proposed station, being separated from it by an intersecting road and a large lawn planted with shade trees and hedges, which obscure it to a large extent from view. The solid business section of Jenkintown commences at a point 467 feet north of the gas station and is less than 300 feet from High's property. It appeared from the testimony that in the past there have been maintained in the immediate vicinity a honey business, an automobile repair shop and dog kennels, which have ceased to operate. In one vacant lot there is a billboard containing motion picture advertisements. By the township zoning ordinance the proposed station is in a district wherein certain businesses may be operated if a permit is secured. A permit was granted to operate the proposed station after a hearing before the proper board.

At the rehearing it was brought out that several important changes have taken place, which indicate that there is a definite business trend in the direction of High's property. There is little or no dispute as to these changes, and the sole question is whether, under the circumstances, the order of the court below in continuing the injunction against the operation of the proposed filling station without modification is so severe as to constitute error.

In reaching its conclusion the court below failed to consider many material factors which should enter into the consideration of a case where the aid of equity is invoked to suppress the operation of a lawful business. It totally disregarded the fact that the dwelling of the sole complainant, High, is more than 200 feet distant from the proposed gas station and separated from it by a wide road and large lawn planted with trees and surrounded by a hedge of considerable height. Cognizance was not taken of the fact that the neighborhood is in a transitory stage and that subsequent to the original petition several commercial enterprises had been commenced in it. Nor was due consideration given to the fact that the

neighborhood borders on a main highway and, as a result, is subjected more or less to discomforting and disagreeable noises caused by passing automobiles and trucks, the disturbances resulting from their constant stopping and starting at this intersection, and their other usual incidents. Furthermore no significance whatsoever was given to abundant testimony that the chief value of the land adjoining Old York Road in this section lies in its use for commercial purposes.

The chancellor took the attitude that the controlling factor was the character of the use of the dwellings in the neighborhood, and that nothing else mattered. That the case was disposed of on this basis is clear. The court below states, "One driving up the heavily-traveled York Road by the *locus in quo,* and noting the proximity of the business district of the thriving Borough of Jenkintown, gets as a first impression that here is a location in which a service station should not be restrained." He concludes that it is only by closely studying the situation and the history of the immediate neighborhood that it becomes clear that it would be a nuisance per se. It is apparent that the finding was based wholly on a misconception of the scope of inquiry in proceedings of this nature and the result was reached solely on the character of use. Other factors had a direct and material bearing on the question whether the proposed operation of a filling station would constitute an unreasonable infringement upon the property rights of the sole complainant. Long established equitable principles should have guided the court in determining the matter before it. We need not repeat what has been so often stated concerning nuisance per se as related to gasoline stations, the burden of proof and the quantity of evidence necessary to sustain such a charge.*

---

* *Nesbit v. Riesenman,* 298 Pa. 475; *Burke v. Hollinger,* 296 Pa. 510; *Ladner v. Siegel,* 293 Pa. 306; *Carney v. Penn Oil Co.,* 291 Pa. 371; *Penna. Co. v. Sun Co.,* 290 Pa. 404, 410; *Mitchell v. Guaranty Corp.,* 283 Pa. 361; *Prendergast v. Walls,* 257 Pa. 547.

This court has never held that the classification of a particular neighborhood based on the character of the use of the property is the sole and decisive test of the right to operate a given business within its confines. In cases of this type locality is necessarily an essential factor of primary importance: *Nesbit v. Riesenman,* 298 Pa. 475, at page 485. But our decisions do not exclude the consideration of other circumstances which have a material bearing on the problem, and these must be given due weight in determining the legal rights of the parties. In the past, borderline cases have confronted this court in which the Per Se Rule has not been applied, even though they involved residential districts. See *Ladner v. Siegel,* 296 Pa. 579; *Burke v. Hollinger,* 296 Pa. 510. Such cases are inevitable, and the relative rights of the parties must be determined in accordance with sound equitable principles. No court can properly administer equity by closing its eyes to existing circumstances and conditions which have a material effect upon the rights to be adjudicated. In *Pilling v. Moore,* 306 Pa. 406, this court expressly recognized that the classification of the particular locality is not invariably the controlling test of the right to equitable relief. We stated: "But mere classification is not always determinative of the legal remedies flowing therefrom. Each case must in a large measure stand upon its own facts." See also *Yeager v. Traylor,* 306 Pa. 530, 534.

Where an attempt is made to enjoin an anticipated nuisance, the threatened injury must be certain and not merely probable. "One thing is quite certain, equity will not interfere unless its right to do so is free from doubt [authority]. The wrong or injury resulting from the pursuit of a trade or business must be plainly manifest or certain to follow [authorities]. If the injury be doubtful, eventual or contingent, equity will not grant relief [authority]. The fact that it might possibly work injury is not sufficient": *Penna. Co. v. Sun Co.,* 290 Pa. 404, 409. After considering all the circumstances it is

clear that while the continuation of the decree will, without justification, deprive appellant of property rights, its modification will not decrease the value of appellee's property nor will greater annoyance come from that use than is at present suffered.

Another matter was lost sight of which should have been considered. The zoning ordinance and the issuance of a permit to operate the proposed filling station sanctioned this use. Such ordinances and the action of the authorities thereunder, while not controlling in cases involving nuisances, must be given due weight in determining the questions involved and, in doubtful cases, should have the greatest weight. Their chief significance lies in the fact that they are in the nature of expressions of municipal thought and opinion, from those who may be classed as neighbors: *Walker v. Delaware Trust Co.,* 314 Pa. 257; *Perrin's App.,* 305 Pa. 42, 51. In the case at bar the ordinance and the permit are tantamount to express approval by the people in the vicinity of the operation of the gas station. Appellee is the sole complainant in opposition. Extreme doubt exists as to whether he will suffer any real injury if the business is operated efficiently and in an approved manner. Considering the combined effect of these facts, it would be inequitable to continue the injunction on the basis that there is a slight possibility that some property injury might be caused appellee. If the occasion should arise, equity can act in the future to grant necessary relief.

In these cases equity cannot act with too much caution. Its strong arm must not be allowed to fall with destructive effect upon a lawful and necessary business, unless it is plainly manifest and certain beyond doubt that the pursuit of the trade would result in substantial injury. In this industrial age personal comfort, pleasure and preferences must be sacrificed to some extent in the interest of commercial necessities. Equity must not outlaw a given business in a particular locality

unless it is clearly apparent that the discomfort will be increased beyond that already suffered, and that positive injury to valuable property rights will ensue: *Penna. Co. v. Sun Co.,* supra, and authorities cited therein.

Under the circumstances the restraint against the operation of this gasoline filling station must be modified. If in the future it is operated in an unreasonable and objectionable manner, and becomes the source of offensive and obnoxious features not ordinarily incidental to the conduct of such stations, thereby creating a nuisance in fact, appellee will be given full and adequate relief.

The decree is modified to permit the operation of a gasoline filling station on appellant's property so as not to become a nuisance in fact; the court below to retain the bill for further action in the event that its operation becomes such nuisance.