Sprout, Appellant, *v.* Levinson et al.

Argued November 25, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*William J. Fitzgerald,* with him *Clarence Balentine,* for appellant.—The plaintiff's neighborhood is a residential one: Burke v. Hollinger, 296 Pa. 510; Penna. Co. v. Sun Co., 290 Pa. 404; Carney v. Oil Co., 291 Pa. 371; Ladner v. Siegel, 293 Pa. 306; Quinn v. Mfg. Co., 293 Pa. 152.

Plaintiff was not guilty of laches: Quinn v. Mfg. Co., 293 Pa. 152.

*Henry Nogi,* of *Landau & Nogi,* with him *Reese H. Harris,* of *Knapp, O'Malley, Hill & Harris,* for appellee. —In order for a drive-in gas filling station to be held a nuisance, the residential character of the neighborhood must be proved by plaintiff and must be free from doubt: Mitchell v. Guaranty Corp., 283 Pa. 361; Slingluff v. Tyson, 280 Pa. 206; Prendergast v. Walls, 257 Pa. 547; Carney v. Oil Co., 291 Pa. 371; Burke v. Hollinger, 296 Pa. 510; Unger v. Edgewood Garage, 287 Pa. 14; Liggett's Petition, 291 Pa. 109.

Plaintiff was guilty of laches: Orne v. Fridenberg, 143 Pa. 487; Phila. & Reading C. & I. Co. v. Schmidt, 254 Pa. 351; Hohl v. Modell, 264 Pa. 516.

402

Opinion by Mr. Justice Sadler, January 6, 1930:

The complainant, Dr. Sprout, in 1913, purchased a two-story frame dwelling in the 1800 block of North Maine Avenue, in the City of Scranton, which he improved, adapting it for the use of offices and residential apartments. The first floor is occupied by his family, while the second is rented to a physician. The Peerless Oil Company, defendant, leased, in 1922, a lot, adjoining on the south, having a frontage of 50 feet, and constructed a filling station designed to supply automobiles with oil and gas, erecting thereon the necessary storage tanks and pumps. At the time, plaintiff complained to city council, but made no further efforts to prevent the installation of the plant until the filing of the present bill five years thereafter. He averred that the increased operations of the filling station had become so offensive as to constitute a nuisance, and asked to have its further use restrained.

The street fronting both properties is a main highway traversing the business section of the city. With the exception of plaintiff's house and one adjoining to the north, all of the buildings abutting are devoted to commercial purposes, and upon the thoroughfare is laid a double track railway, over which cars pass from morning until late at night during short intervals. The road is also extensively used for local and through automobile traffic, connecting, as it does, with the "Lackawanna Trail." Plaintiff has erected at the rear of his lot a four-car garage, occupied by himself and others who rent space therein. A like construction, operated as a general service garage, exists on the land of the resident adjoining, and immediately opposite a public gasoline and oil tank has been operated for many years. The whole block was set aside by a zoning ordinance in 1924 as a purely commercial district, and the trial court found as a fact that the location is not residential in character, as insisted on by plaintiff below. By this conclusion, amply supported as it is by the evidence, we are bound, in con-

sideration of the questions here raised: Burke v. Hollinger, 296 Pa. 510.

The rule has frequently been laid down in Pennsylvania, that the construction of garages in places surrounded exclusively by residences constitutes a nuisance per se, the operation of which will be enjoined: Slingluff v. Tyson, 280 Pa. 206; Ladner v. Siegel, 293 Pa. 306. The same has been held of gas or filling stations: Carney v. Penn Oil Co., 291 Pa. 371; Mitchell v. Guaranty Corp., 283 Pa. 361. A different situation arises where the district is commercial, the right to maintain in such case depending on proof as to whether the continuance of operations constitutes a nuisance in fact: Penna. Co. v. Sun Co., 290 Pa. 404; Ladner v. Siegel, 296 Pa. 579; Manorville Borough v. Flenner, 286 Pa. 103. The determination of the character of the surroundings is often difficult, since the location in question may have the characteristics of both classes mentioned, in which case the court must say whether the attempted use constitutes such an interference with the rights of adjoiners as to justify restraint. This matter has been recently the subject of discussion by Mr. Justice Kephart in Burke v. Hollinger, supra, to which reference is made for a review of the principles applicable.

In view of the justified conclusion, reached by the trial court in this case, that the district in question is commercial rather than residential, as contended by complainant, an injunction could not be granted unless in fact its use constituted a nuisance, as in Evans v. Reading Chemical Fertilizing Co., 160 Pa. 209. The conduct of a public garage is a lawful one (Burke v. Hollinger, supra), and an owner of property has the right to employ his property, barring malice and negligence, for all legitimate purposes, unless he conducts his business in disregard of the rights of his neighbors, and prevents the reasonable enjoyment of their own land or buildings constructed thereon. The mere fact that the adjoiner is subjected to some annoyances furnishes no ground for

relief where he resides in a commercial district, for he must bear the inconvenience arising from his location just as he enjoys the benefits: Houghton v. Kendrick, 285 Pa. 223; Burke v. Hollinger, supra. A dweller therein cannot expect the same peace and quiet as if surrounded by residences alone: Quinn v. American Spiral Spring & Mfg. Co., 293 Pa. 152. "The rise in real estate values in the neighborhood such as the one here involved, consequent upon such encroachment, more than compensates landowning plaintiffs for any present loss of comfort and convenience": Burke v. Hollinger, supra. In the present case, the evidence shows the market value of complainant's property to have doubled since it was purchased and improved, because of the adjacent business development.

Though the operation complained of is in itself lawful, yet it must be carried on with due regard for the rights of others, and in the manner usually followed in such localities. The trial court here found defendant's gas station to be "of the most modern type and properly conducted according to that kind of business," and this determination, supported as it is by competent evidence, will not be disturbed by us. Doubtless the stopping of many cars for filling purposes, and the maintenance of lights so that business may be continued after nightfall, interfere to a certain extent with the enjoyment of the complainant's property as a dwelling house, but this is the necessary consequence of a legitimate occupation managed in the most approved manner, in a district devoted to purely commercial purposes, and furnishes no ground for restraint, as prayed for.

It was further contended by defendant that the bill filed should be dismissed because of the laches of plaintiff. The gas station was constructed in 1922, and complaint then made to city council, but no legal proceedings to restrain were instituted until five years thereafter, during which period $10,000 had been expended in adapting the leased premises to their present

use, and the whole district has by zoning ordinance been officially set aside for business purposes only. Such delay was held by the court below a bar to the present proceeding: Orne v. Fridenberg, 143 Pa. 487; Hohl v. Modell, 264 Pa. 516; Stewart Wire Co. v. Lehigh Coal & Nav. Co., 203 Pa. 474. It may be noted that complainant attempts to excuse his lack of diligence in proceeding on the ground that the filling station had been enlarged in size since 1922, and therefore had become more annoying to the adjoiner. An operation complained of, legitimate at the time of its inception, may become a nuisance by subsequent method of operation, and, for that reason, delay in asking equitable relief excused (Quinn v. American S. Spring & Mfg. Co., supra), but, in the present instance, the only change is the increase of defendant's business, and the construction of an open pit (enclosed since the filing of this bill). It is now, according to the plaintiff himself, an "up to date" gas station. There was no proof that new and unexpected conditions have been created which justified the failure to earlier proceed, when it was known that large expenditure was being incurred to make possible the carrying on of the operation, as now conducted. There is no necessity, however, to invoke the principle referred to, to warrant the dismissal of the bill. The plaintiff plainly failed to make out a case justifying equitable interference.

The decree is affirmed at the cost of appellant.