## Perrin's Appeal.

## Board of Adjustment's Appeal.

44

Argued March 25, 1931.   Before Frazer, C. J., Walling, Kephart, Schaffer and Maxey, JJ.

*Harry Diamond,* with him *Chas. A. Waldschmidt,* City Solicitor, and *Thomas M. Benner,* First Assistant City Solicitor, for Board of Adjustment, appellant.— The Board of Adjustment is the respondent in the appeal and appeared at the hearing, and has the right to appeal from the decision of the court: Ward's App., 289 Pa. 458.

A block is that portion of a street between two intersecting streets, and as the ordinance uses the words, "fronting upon the same block," it has the meaning of both sides of the street between the intersecting streets: St. Louis v. Ferry Co., 78 U. S. 423.

How can the Shapiro property, which is separated from the Goodman property by a street 80 feet wide, be said to be within 80 feet of the Goodman property? It is mathematically 80 feet plus from the Goodman property. It begins where the street ends, at 80 feet. If the Perrin property were 80 feet wide fronting on Beacon Street, would anyone contend that the property adjoining it on the west would have to be counted? On the judge's theory it would, because it would front upon

Beacon Street and it, from his construction, is within 80 feet of the Goodman property. Surely no one would thus contend. And if it need not be counted, then the Shapiro property need not be counted.

*John A. Metz,* for Philip Goodman, appellant.—A provision in an ordinance requiring the consent of property holders to the use of land is a delegation of police powers to private persons and therefore invalid: Washington ex rel. v. Roberge, 278 U. S. 116; Eubank v. Richmond, 226 U. S. 137.

A provision in an ordinance requiring the consent of a city official or board to the use of land, is a delegation of police power and therefore invalid.

A provision in an ordinance requiring the consent of the legislative body itself, in its administrative capacity to the use of land, is a delegation of police power and therefore invalid.

An act or ordinance must be construed as a whole and effect given to every part thereof, if possible: Holl v. Deshler, 71 Pa. 299; Lancaster Co. v. Lancaster City, 160 Pa. 411; Haddock v. Com., 103 Pa. 243; Com. v. Wilkes-Barre, 258 Pa. 130.

Special provisions relating to a particular subject must prevail against general provisions relating to the same subject: Thomas v. Hinkle, 126 Pa. 478; Brady Street, 99 Pa. 591.

Conflictions and inconsistencies must be avoided, if possible: Ihmsen v. Navigation Co., 32 Pa. 153.

An ordinance which is prejudicial to the owner of land or in derogation of the common law, must be strictly construed: Marsh v. Nelson, 101 Pa. 51; Foster v. Com., 8 Watts & Sergeant 77.

*Louis Caplan,* of *Sachs & Caplan,* for appellee.—City council may constitutionally authorize property owners to waive the prohibition against gasoline stations: Washington v. Roberge, 278 U. S. 116.

Cusack v. Chicago, 242 U. S. 526, which is not mentioned in the argument of appellant, is unmistakable authority for the proposition that a zoning ordinance may lawfully give to neighboring property owners the right to determine whether a nuisance shall be erected or maintained in their immediate vicinity. The structure involved in that case was a billboard.

If the clause in section 16 requiring consents is not constitutional, the whole section falls: Sayre Boro. v. Phillips, 148 Pa. 482.

If section 16 falls, the barrier of section 7 still remains: Com. v. Blackman, 82 Pa. Superior Ct. 362.

The Shapiro property is property "fronting upon the same block within eighty (80) feet of the site in question": Hower v. Krider, 15 S. & R. 43.

OPINION BY MR. JUSTICE KEPHART, June 27, 1931:

The appellant's land at the northwest corner of Beacon Street and Murray Avenue is located within the commercial district as laid out by the general zoning ordinance of Pittsburgh. The locality on which appellant's property is situated adjoins or abuts a high-class residential district. It is in the midst of a residential section. The appellee, Samuel Perrin, owns the house adjoining, and it was admitted at argument that properties in the locality of appellant Goodman's property are improved residences with a few small neighborhood stores, including the building on Murray Avenue and on the opposite side of Beacon Street from Goodman's lot.

Section 7 of the zoning ordinance prohibits the use of property in a commercial district for a gasoline station. Section 16 permits a gasoline station to be erected in commercial districts, under these restrictions, "no portion of the same......shall be placed closer to the street line than fifteen (15) feet nor closer thereto than the line, fixed by this ordinance, for buildings on the adjoining lots; and no permit therefor shall be issued unless there are filed, with the application, the written

consents of the owners, in interest and number, of a majority of all the property fronting on the same block within eighty (80) feet of the site in question."

Goodman applied for a permit, and, prima facie, it bore the consent of a majority of the adjoining owners. The zoning officials felt bound to allow the permit, and the Board of Adjustment approved their action. An adjoining owner appealed, and the court below reversed the board's action and revoked the permit. This appeal has followed.

It is argued that the provisions requiring consent of individuals to the use of land is not a proper exercise of the police power and is, therefore, unconstitutional under the Fourteenth Amendment of the federal Constitution and that a fair interpretation of the ordinance would not include persons living across the street as being within 80 feet, since their property starts exactly 80 feet away from the property in question.

The right of an owner to devote his property to any legitimate use is within the protection of the federal Constitution: Seattle Title & Trust Co. v. Roberge, 278 U. S. 116. This right is not without limitation. The right to use property for any legitimate purpose as an attribute of ownership is not absolute or unrestricted; it is subject to a superior claim of the public, provided that claim is not unreasonable, and has a necessary relation to health, safety, morals, and general welfare of the public. When it has such relation, its use for a particular purpose may be regulated or prevented under the police power.

A further limitation on the right of an owner to do as he wishes with his land is that which prevents a use that injures a neighbor's property (Penna. Co., etc., et al. v. Sun Co., 290 Pa. 404, 408), as where an owner establishes or attempts to establish a business or use which in itself is a nuisance, when conducted in a given locality, or becomes so because of the manner in which it is conducted.

Exercise of the police power through zoning laws is an appropriate method of limiting the owners right to use land. But regulation is not confiscation, and the regulation must carry with it all the necessary incidents to a legitimate exercise of the power. Such regulations have been held valid under the police power: White's App., 287 Pa. 259; Village of Euclid et al. v. Ambler Realty Co., 272 U. S. 365.

When zoning ordinances are sustained, it is on the theory that the police power of the State has been properly exercised by the municipal authorities to which it was delegated. Police power cannot be exercised by any group or body of individuals who do not possess legislative power; a municipality, through a council, may and usually does possess legislative power within the authority conferred. Administrative officers or a group of citizens do not and cannot possess such power. When a municipal ordinance commits the exertion of the police power to the option of individuals to determine whether the use of property for a purely lawful purpose offends health, safety, or welfare, such ordinance violates the fundamental principles of police power. So-called consent ordinances in zoning legislation are of this type and have generally been declared unconstitutional (Seattle Title & Trust Co. v. Roberge, supra), though there are exceptions. In that case a zoning ordinance permitted the erection of a home for children when consent was obtained from two-thirds of the property owners within 400 feet of the proposed building.

While many of the authorities cited by Goodman's counsel do not relate to zoning ordinances, they state the rules applicable to an invalid or improper delegation of police power. The effect of the Roberge Case is as follows: Where an ordinance shows that a use is not opposed to public health, safety, morals, or general welfare, or is not a nuisance, and is in harmony with public interest and the general scope of the zoning ordinance, but the consent of a given set of indi-

viduals must be procured before land may be devoted to such use, the delegation of such power to these individuals is repugnant to the due process clause of the Fourteenth Amendment. The reasons for holding consent ordinances invalid may be summed up thus: The consent provision is an unlawful delegation of legislative authority and discretion, with no rule or standard to guide those whose decision will control. It is not possible to check or correct the acts of the persons who may or may not consent; consent or refusal may be the result of favoritism, caprice, or malice, and no responsibility can be placed on those who act in the matter.

Section 7 prohibits the property from being used for a gasoline filling station, and section 16 permits such use with the consent of the adjoining owners. In determining whether these ordinances are valid, consideration must be given not only to the Roberge and other cases which are stoutly contested as being applicable, but to other principles of law relating to this particular subject-matter.

The particular locality contiguous to Goodman's land is residential: Burke v. Hollinger, 296 Pa. 510, 518; Nesbit v. Riesenman, 298 Pa. 475, 487; Carney et al. v. Penn Oil Co., 291 Pa. 371. A gasoline filling station in such a locality would be declared a nuisance. This would be so, regardless of any zoning ordinance. In an opinion by Chief Justice FRAZER, a gasoline filling station in a residential neighborhood is a nuisance: Carney et al. v. Penn Oil Co., supra. Such station in a residential district constitutes a nuisance per se: Sprout v. Levinson, 298 Pa. 400. The harmful results mentioned in Carney et al. v. Penn Oil Co., supra, 374, such as noise, fumes, blowing horns at all hours, and other disturbances, always accompany such use. It is only necessary to show an attempt is being made to use property for such a business in a residential locality and it will be prevented. It is not necessary that such stations be on every corner; people drive miles for gas in

the country. Gas stations are not as necessary in a business section as garages for storage.

While this property was located in a commercial district according to the zoning ordinance, this fact would not deter equity from enjoining the erection of a station in such locality, nor a court from ordering a use to be permitted for which the locality called, for the classification of land in zones is sometimes difficult and property in one zone may partake of the nature of that in another: Sprout v. Levinson, supra. Acts of municipal officers under zoning legislation permitting the use of property for what is or may be a nuisance, do not oust the jurisdiction of equity to determine whether a nuisance in fact exists and should be restrained. It would be contrary to the constitutional guarantee, if, through statute, ordinance, or under a so-called exertion of police power, one's property could be taken, injured, or destroyed, and one's health made to suffer from the use of another's property for the benefit of the latter owner. The use is not relieved of its offensive incidents as far as equity is concerned even though a majority of the owners under a consent ordinance agree that land may be so used; those who do not consent have a right to be heard in a legal forum in opposition to the use. In equity, the court will regard such ordinances in the nature of a fact found or an expression of municipal thought and opinion. Such ordinance may thus aid courts in determining the substantive question involved, but they are not conclusive where the question is one of nuisance.

Here, the zoning ordinance covers a use and a locality where the law of nuisances is applicable to such use in a residential territory. Under these circumstances, the court, when considering the validity of the consent provision of an ordinance from the viewpoint of the principles underlying the exertion of the police power, will also consider the effect of the use as it relates to a nuisance. The zoning ordinance prohibits the use of land

for a gas station, inter alia, because it is opposed to the health, safety, and welfare of the citizens generally. The scope of the inquiry as to a valid exertion of the police power in such cases, is similar to that of a court in determining whether a nuisance does, or would, in fact exist. In each case, the effect of the use on persons and property in the particular locality, is the chief question. Consent provision under a zoning ordinance then is but a limited delegation of authority or discretion. It is not absolute, as a court of equity will prevent its abuse if necessary. Moreover, the many objections urged against such provision do not find a place under an ordinance for this character of use. The property owners whose consent is necessary have an interest different in kind and quality in the effect of the proposed use from that of those whose consent must be obtained where the use is not or may not become a nuisance. The consent feature then lends a different aspect. Under it, the municipality places confidence in these owners in that they would not consent to a loss in property value or an injury to their health unless there was good cause to do so. Courts would so regard their testimony under similar circumstances if enjoining the use of it were asked. There is little or no chance for favoritism or discrimination in their acts by permitting a station here and prohibiting another at some other place; because, if any one is aggrieved, the courts in the exercise of a supervisory discretion for those injured, may, through appropriate proceedings, prevent such discrimination. The consent feature affects those within the immediate locality; if a majority of the owners consent, the minority is not without a remedy, as we stated above. Under such circumstances, a review of that limited discretion may be shifted to a court of equity. When less than a majority act, the consent feature is inoperative, the discretion exercised when the municipality prohibited the use for a nuisance is undisturbed; if all consent, no one is injured, and one not injured cannot raise

the question of constitutionality: Taylor v. Haverford Twp., 299 Pa. 402, 409; Plymouth Coal Co. v. Com. of Pa., 232 U. S. 531.

Under these circumstances, the case of Cusack v. City of Chicago, 242 U. S. 526, controls the present case, notwithstanding the able argument to the contrary of counsel for appellant Goodman. In that case, the ordinance required the consent of a majority of the owners of property fronting on both sides of the street in a block, before a billboard or signboard over twelve feet in area could be erected. The Supreme Court justified the ordinance as a reasonable exercise of police power, stating that an adjoining owner may be benefited by this provision, for without it the prohibition would be absolute, and one was not in any way injured by the fact that consent for the proposed use of his property was required, where such consent referred to offensive structures. The opinion states: "The plaintiff in error cannot be injured, but obivously may be benefited by this provision, for without it the prohibition of the erection of such billboards in such residence sections is absolute. He who is not injured by the operation of a law or ordinance cannot be said to be deprived by it of either constitutional right or property...... To this we may add that such a reference to a neighborhood of the propriety of having carried on within it trades or occupations, which are properly the subject of regulation in the exercise of the police power, is not uncommon in laws which have been sustained against every possible claim of unconstitutionality, such as the right to maintain saloons (Swift v. People, 162 Illinois 534), and as to the location of garages: People v. Ericsson, 263 Illinois 368. Such treatment is plainly applicable to offensive structures...... The ordinance in the case at bar absolutely prohibits the erection of any billboards......but permits this prohibition to be modified with the consent of the persons who are to be most affected by such modification...... This is not a delegation of legislative power, but is, as we

have seen, a familiar provision affecting the enforcement of laws and ordinances."

On this phase of the controversy alone, if we hold section 16 of the ordinance an unlawful delegation of authority, section 7 still remains and effects a prohibition of the use for a gasoline station. This would dispose of appellant's contention.

In the Roberge Case, commenting on the Cusack Case, it is stated: "The question [in the Cusack Case] was whether the clause requiring such consents was an unconstitutional delegation of power and operated to invalidate the prohibition...... The facts found were sufficient to warrant the conclusion that such billboards would or were liable to endanger the safety and decency of such districts." It distinguished the Roberge Case on the ground that the use of the property for a home was not likely to "work any injury, inconvenience or annoyance to the community, the district or any person."

Where, through proper enactments, a nuisance which is prohibited is permitted under adequate safeguards, and no injustice to the owner is apparent, there will be no disposition to disturb the municipal regulation by the courts. If, among the safeguards, the consent of those directly affected is necessary, the ordinance will be deemed valid, their personal interest and property rights involved in the use being of higher value than a mere consent would otherwise be. It is possibly true that, in strict analysis, the ordinance should stand or fall as it is measured by an effective exertion of the police power, but such theory should not prevail against the manifest practical result accomplished through the consent feature as it relates to the subject with which we are here dealing.

When the ordinance is viewed with these principles in mind, together with the location of the property, the character of the business, and the consent provision, the ordinance does not impugn the Fourteenth Amendment.

Zoning ordinances should receive a reasonable and fair construction in the light of the subject dealt with and the manifest intention of the legislation. We concur in the construction placed on it by the court below that property across Beacon Street was within the intent and spirit of the ordinance and the consent of such owners must be obtained.

As we have decided the main questions involved, the subsidiary questions become unimportant.

The decree of the court below is affirmed at the cost of appellant.