Walker et al. *v.* Delaware Trust Company
et al., Appellants.

Argued January 30, 1934. Before Frazer, C. J.,
Simpson, Kephart, Maxey, Drew and Linn, JJ.

*John B. Hannum, Jr.,* with him *J. Allen Hodge,* of *Hannum, Hunter, Hannum & Hodge* and *Eugene P. Balderston, Jr.,* for appellants.

*James L. Rankin,* of *Geary & Rankin,* for appellees.

PER CURIAM, March 19, 1934:

The Diamond Ice and Fuel Company was enjoined by the court below from constructing a gasoline filling station on property at the corner of Edgmont Avenue and 18th Street in Chester, for the reason that the undertaking was in an exclusively residential section.

The company, early in 1932, erected on the back of this lot at 18th and Edgmont Avenue, a one-story, brick office, display, and storage building for both retail and wholesale business. It extended the entire width of the lot, with an outside cement loading platform. The surface of the lot was partially concreted in front of the property. Concrete automobile entrances across the pavements of 18th Street and Edgmont Avenue had been built for trucks and other vehicles of customers to enter and to discharge or receive ice or other merchandise. The daily output or sale of ice during the summer season amounted to 15,000 pounds.

As to the character of the neighborhood: immediately south of appellant's property and in the same block, is a two-story, brick building, the first floor of which is built as a store and now used as a barber shop and candy store. Across the street is a hair dressing and beauty establishment. To the north is a drug store and other commercial businesses carried on for over twenty years. A dry cleaning establishment has its place there. Near by is a lumber and mill-work yard which has been in operation for fifteen years. In close proximity on the north is a marble yard with a polishing and grinding mill annexed. To summarize, the uncontradicted testimony shows that within the immediate vicinity there are twenty-one mercantile properties, two churches, two

cemeteries, seventy-four dwellings with ninety-nine individual occupancies; and for the past twenty years 35% of the total improvements have been for other than dwelling house purposes. On this lot thus subjected to this business use during the summer time, the ice company, in the spring of 1933, wanted to install a gasoline filling station consisting of three out-door service pumps from which to dispense gasoline for the convenience of its customers and itself. It was also proposed to erect ornamental lights with reflectors to confine the light solely to the premises.

The City of Chester in 1927 had enacted a zoning ordinance which, in recognition of the conditions mentioned, placed appellant's properties in a commercial or local business district and permitted gasoline filling stations to be conducted therein.

One of appellees owned a property on the northeast corner of Edgmont Avenue and 18th Street; the other, on 18th Street in the rear of appellant's property. They brought this proceeding to prevent the installation and operation of the station. We have quite frequently stated the law applicable to proceedings of this nature. This case is out of the ordinary since the zoning ordinance plays a very important part in determining the substantive question as to whether or not the injunction should have issued under the facts as found by the court below.

Appellant in its proposed use of the property for a filling station had the benefit of a property that was already devoted to a moderately intensive commercial use, and the increased occupation (for a gasoline filling station) was not of such nature as to materially change the use to which the property had already been subjected. Appellees, if they had any right to complain at all of such increased use, should have complained when the ice business was originally established at this place. They undoubtedly knew the character and use which was to be then made of the property in vending ice. They did

not complain and it is possible this failure was due to the zoning ordinance. The increased use would not subject the streets to greater servitude and, as stated, the increased use differs but little in its nuisance feature from that to which the property has already been put. In saying this we are not unmindful of Carney v. The Penn Oil Co., 291 Pa. 371, 377, later referred to in Perrin's App., 305 Pa. 42, but we must stress the nature and character of the surrounding property and the uses to which they are put (Franklin M. E. Church v. Oil & Gas Co., 309 Pa. 357) as well as the property itself on which the filling station was to be erected. While we did describe the offensive features of a gasoline filling station in the Carney Case, supra, it must be understood that the manner of conducting filling stations has undergone considerable change since that opinion was written, and the larger portion of the objectionable features has been eliminated. Great precautions to prevent disagreeable results have been taken in planning and in operating these stations, until the main annoyance remaining is due to the fact that patrons may, if an attendant is not instantly present, blow their horns to gain attention. This in the day-time would not be more objectionable than the ordinary horn signalling at street corners. At night it may become objectionable. In addition, the æsthetic considerations in residential sections must not be overlooked.

We do not wish at this time to be understood, however, as holding that gasoline filling stations erected in residential districts may not be a nuisance per se. We are not required to so hold in this opinion. But, the court below fell into error in not giving due weight to the zoning ordinance as it related to the developed facts. It is true we stated in Perrin's Appeal, supra: "While this property was located in a commercial district according to the zoning ordinance, this fact would not deter equity from enjoining the erection of a station in such locality, nor a court from ordering a use to be permitted for

which the locality called, for the classification of land in zones is sometimes difficult and property in one zone may partake of the nature of that in another: Sprout v. Levinson, supra [298 Pa. 400]. Acts of municipal officers under zoning legislation permitting the use of property for what is or may be a nuisance, do not oust the jurisdiction of equity to determine whether a nuisance in fact exists and should be restrained...... In equity, the court will regard such ordinances in the nature of a fact found or an expression of municipal thought and opinion. Such ordinance may thus aid courts in determining the substantive question involved, but they are not conclusive where the question is one of nuisance." The court below neglected consideration of the latter part of this quotation. Where, as here, the proposed filling station is on property already devoted to a commercial use of only slightly different character from the proposed increased use, in a neighborhood which is in or borders on a commercial district (Burke v. Hollinger, 296 Pa. 510), and which has been actually subjected to business uses, the action of the municipal authorities in the exercise of a fair discretion, as stated by this court in Perrin's Appeal, supra, *should aid the court in determining* the substantive question and should be conclusive when a factual condition such as is here found to exist. The court below erred in not giving due weight to the zoning ordinance.

We need not go further to investigate whether, as charged by appellant, some of the findings of fact on which the court below granted the injunction were against the manifest weight of the evidence.

The decree granting the injunction is reversed, the injunction dissolved, the bill to be held pending further action if the operation of the gasoline filling station should become a nuisance in fact; each party to pay their own costs.