## White v. Old York Road Country Club et al.

*Samuel D. Conver*, for plaintiff.

*F. Kenneth More* and *Detter & Menges*, for Old York Road Country Club.

*Theodore Lane Bean*, for Atlantic Refining Company.

KNIGHT, P. J., May 11, 1934.—The defendant, Atlantic Refining Company, filed fifty exceptions to the adjudication. Practically every finding of fact and conclusion of law of the chancellor is made the subject of a complaint. Counsel for the exceptant in his voluminous brief, covering 48 typewritten pages, does not pretend to discuss separately all these alleged errors of commission and omission, and for us to attempt such a task would unduly extend this opinion. Taking the exceptions as a whole, we believe the following to be a fair summary of their import:

1. The chancellor erred in finding the immediate neighborhood of the proposed filling station to be exclusively residential in character.

2. The chancellor did not give proper weight to the fact that the site of the station is in a zone where such enterprises may be, under certain conditions, established.

3. The chancellor did not give due weight to the fact that the station will be located on an arterial highway, the York Road.

4. The chancellor erred in holding that equity had jurisdiction.

The chancellor found that the immediate neighborhood was the territory within a radius of from 500 to 527 feet of the proposed station.

We think this was no error, but in fact was rather generous to the defendants. In finding that only residences existed in this territory, the chancellor relied upon a carefully prepared map showing the character of the buildings on adjacent land, with radius lines drawn upon it. This map was offered in evidence by the exceptant. Within this territory are four dwellings, in which professional men live and have their offices, and the circle also includes part of the golf course of the Old York Road Country Club. It is contended that these facts deprive the immediate neighborhood of its exclusively residential character.

The fact that a professional man has his office in his home does not materially change the character of the use of the building, or give a commercial

aspect to the neighborhood. The fairways and greens of a golf course are no more objectionable than the well-kept lawns of neighbors.

On the property now owned and occupied by one of the plaintiffs, a former owner conducted a business in honey, and at a later date a building on this property was used as an automobile repair shop, for a number of years. On another property in the immediate neighborhood, at some time in the past, dog kennels were maintained. Counsel contends that the chancellor ignored these facts in determining the character of the neighborhood. The machine shop ceased to exist because the Trustees of Abington Friends Meeting, the lessors of the property, so decreed. The chancellor had to consider the neighborhood as it existed at the time of the filing of the bill. The fact that these business establishments no longer exist shows that the trend in the immediate neighborhood has been from business to residence use.

Counsel for the exceptant earnestly contends that the chancellor did not give proper weight to the fact that the station is in a zone where such establishments may be operated under certain conditions. We take judicial notice of the fact that Abington Township is a political subdivision of Montgomery County, and that the York Road crosses it. The zoning ordinance of the township puts both sides of York Road, for 100 feet in depth, in a zone wherein filling stations are allowed under certain conditions.

The chancellor, in commenting on this, said that the fact that the station was in this zone was not so important, because the developments along York Road, through the township, were predominantly residential in character. True, there was no evidence of this. and the chancellor must have been speaking from personal knowledge. There is evidence, however, that there is not a business place on the York Road between Ogontz and Jenkintown Borough, a distance of 1½ miles. It is in this stretch that exceptant wants to build and operate its station.

The proposed station is not in a commercial or business district, according to the zoning ordinance but is in a residence zone, wherein certain businesses are allowed to operate if permission is obtained from the board of adjustment of the township. In Franklin Street Methodist Episcopal Church v. Crystal Oil & Gas Co., 309 Pa. 357, the proposed station was located according to the zoning ordinance in the "main business district". In Walker et al. v. Delaware County Trust Co. et al., 314 Pa. 257, the site of the proposed station was placed in a commercial or local business zone. A reading of these two cases will disclose a great factual difference between the neighborhoods therein described and the neighborhood in the case at bar. The chancellor, as the law requires, gave consideration to the fact that the proposed station was in the "F" residence zone, but held that this fact in the present case was not entitled to the weight it would be given if the immediate neighborhood were different in character.

In this we think there was no error.

The York Road is an arterial highway, and there is a traffic light at the intersection of Washington Lane. Complaint is made that the chancellor did not give due weight to these facts. The annoyance incident to the ever-increasing traffic on our highways is something we all must put up with: it cannot be cured, it must be endured. The presence of the busy highway and the traffic light are elements to be considered, but they do not change the character of the neighborhood.

On the question of the jurisdiction of a court of equity in this controversy, we have little to add to what the chancellor has said. Since the argument on these exceptions, the decision of the Supreme Court, in Walker et al. v. Dela-

ware County Trust Co. et al., supra, has come down. This was a case in which a bill in equity was filed to enjoin a service station, proposed to be operated in a district zoned as commercial in the City of Chester. The court below granted the injunction, and the Supreme Court reversed by dissolving the injunction and directing the bill to be held pending further action, if the operation of the station should become a nuisance in fact.

No question of the jurisdiction of equity was raised. In reading the abstract of the opinion, it appears that the Supreme Court held that the lower court fell into error in not giving due weight to the zoning ordinance, as it related to the developed facts. A reading of the description of the immediate neighborhood of the station involved in the Walker case shows that its character was materially different from the immediate neighborhood of the present case. In the Walker case, as well as in Franklin Street Methodist Episcopal Church v. Crystal Oil & Gas Co., supra, the court seems to base its decision on the character of the immediate neighborhood, holding in both cases that it was not sufficiently residential to constitute a gasoline station a nuisance per se. In arriving at this conclusion, due weight was given to the zoning ordinances as factors to be considered. As we read these cases, the Supreme Court has not departed from its previous settled policy in holding that gasoline filling stations erected in residential districts are nuisances per se.

The chancellor has found the immediate neighborhood of the proposed station to be so residential in character as to constitute the contemplated establishment a nuisance per se, even after giving due weight to the zoning ordinance.

We do not think this to be error. The passage of the ordinance did not of itself change the character of the neighborhood or oust the jurisdiction of equity.

And now, May 11, 1934, the exceptions are dismissed, and an exception allowed to our action in dismissing each and every one of them.

From Aaron S. Swartz, Jr., Norristown, Pa.