Mazeika, Appellant, *v.* American Oil Company.

Argued October 11, 1955. Before STERN, C. J., STEARNE, JONES, MUSMANNO and ARNOLD, JJ.

*Edward A. Damrau,* with him *Maurice Chaitkin,* and *Brennan, Brennan, Damrau & Mohan,* for appellants.

*Charles Holmes Wolfe, Jr.,* with him *Harland I. Casteel,* and *Campbell, Houck & Thomas* for appellees.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, November 14, 1955:

The single question presented by this appeal is whether or not, in a zoning case, the County Court of Allegheny County possesses jurisdiction in equity to restrain or abate an alleged nuisance.

Appellants, Joseph Mazeika and H. A. Smith, are owners of land in the Borough of Emsworth, Allegheny County. Appellees John S. Weiss and wife possess the fee in adjacent land leased to the other appellee, American Oil Company. Appellees applied for and received from the borough building inspector a building permit for the erection of a gas service station on the premises. Appellants objected to the issuance of such permit. When the permit was issued they appealed to the Borough Board of Adjustment which affirmed the action of the inspector. Appellants then appealed to the County Court of Allegheny County, which court has exclusive jurisdiction over such appeals. That court, on April 1, 1955, affirmed the action of the Board of Adjustment. No appeal has been taken from this judgment, which became final and conclusive, the time for appeal having since expired. Appellants then filed a complaint in equity in the Court of Common Pleas, alleging that the construction and maintenance of the gas station in that zoned area would constitute a nuisance. Appellees filed preliminary objections. The Court of Common Pleas sustained the objections and dismissed the complaint. The learned court in its opinion said: "It is the contention of counsel for plaintiffs that the doctrine laid down in the above cited cases does not apply to the instant case, because the County Court of Allegheny County does not have equitable power, and therefore, cannot give the relief to which the plaintiffs are entitled.

"While the County Court does not have general equitable powers, it does have the equitable power given it by the Legislature to cope with every situation that might develop in connection with an appeal taken from the decision of the Board of Adjustment. If it did not have the power to fully and completely give relief to all parties appearing before it in connection

with appeals from the Board of Adjustment, then we must assume the Legislature did a vain thing in giving it jurisdiction over appeals from zoning cases."

With this ruling we are unable to agree. Zoning, being statutory, is exclusively matter of law and not equity. The procedure to be followed is prescribed in detail in the various zoning Acts of Assembly. Nowhere in the various statutes is provision made, expressly or by implication, for the application of equitable principles. When a procedure is stipulated by a statute, its provisions must be strictly pursued and exclusively applied: *Taylor v. Moore,* 303 Pa. 469, 154 A. 799; *White v. Old York Road Country Club,* 318 Pa. 346, 178 A. 3; *Bartron v. Northampton County,* 342 Pa. 163, 19 A. 2d 263; *Thompson v. Morrison, Secretary of Commonwealth,* 352 Pa. 616, 44 A. 2d 55; *Era Co., Ltd. v. Pittsburgh Consolidation Coal Co.,* 355 Pa. 219, 49 A. 2d 342; *Quein Will,* 361 Pa. 133, 62 A. 2d 909. It is only where statutory authorities do an illegal act, or one which they have no authority to perform, that equity will grant relief: *Dougherty, Trustee v. Philadelphia,* 314 Pa. 298, 301, 177 A. 583; *White v. Old York Road Country Club,* 318 Pa. 346, 352, 178 A. 3; *Jacobs v. Fetzer,* 381 Pa. 262, 266, 112 A. 2d 356.

There are many instances involving land usage where the existence of a zoning law is of no concern. This Court recently said zoning laws have no concern with building or use restrictions contained in instruments of title: *Michener Appeal,* 382 Pa. 401, 115 A. 2d 367. As pointed out by Chief Justice Stern in that opinion, zoning laws are enacted under the police power in the interest of public health, safety and welfare and hence, contracts between owners relative to the real estate have no place in the zoning plan.

And, where a nuisance exists, equity may intervene to enjoin it even though there has been a compliance

with zoning acts and ordinances. In *Perrin's Appeal*, 305 Pa. 42, 51, 156 A. 305, this Court said: "... Acts of municipal officers under zoning legislation permiting the use of property for what is or may be a nuisance, do not oust the jurisdiction of equity to determine whether a nuisance in fact exists and should be restrained. It would be contrary to the constitutional guarantee, if, through statute, ordinance, or under a so-called exertion of police power, one's property could be taken, injured, or destroyed, and one's health made to suffer from the use of another's property for the benefit of the latter owner. The use is not relieved of its offensive incidents as far as equity is concerned even though a majority of the owners under a consent ordinance agree that land may be so used; those who do not consent have a right to be heard in a legal forum in opposition to the use. In equity, the court will regard such ordinances in the nature of a fact found or an expression of municipal thought and opinion. Such ordinance may thus aid courts in determining the substantive question involved, but they are not conclusive where the question is one of nuisance."

In *Walker v. Delaware Trust Company*, 314 Pa. 257, 261, 171 A. 458, we said: "... Acts of municipal officers under zoning legislation permitting the use of property for what is or may be a nuisance, do not oust the jurisdiction of equity to determine whether a nuisance in fact exists and should be restrained. ..." And in *White v. Old York Road Country Club*, 322 Pa. 147, 152, 185 A. 316, it is said: "... The zoning ordinance and the issuance of a permit to operate the proposed filling station sanctioned this use. Such ordinances and the action of the authorities thereunder, [are] not controlling in cases involving nuisances, ..." See also: *McDonald v. West View Adjustment Board*, 98 P. L. J. 191, 193.

It is clearly apparent that the County Court, *in an appeal from a decision of the Board of Adjustment,* is limited in the scope of its jurisdiction to the provisions of the applicable zoning statutes and ordinances. Even though the court might possess general equity jurisdiction, in a zoning appeal it would be unable to apply equitable principles.

It is correctly stated in the opinion of the court below ". . . the County Court does not have general equitable powers. . . ." But we do not approve the subsequent statement that ". . . it does have the equitable power given it by the Legislature to cope with every situation that might develop in connection with an appeal taken from the decision of the Board of Adjustment."

The County Court of Allegheny County was created and its jurisdiction defined by the Act of May 5, 1911, P. L. 198, as amended, 17 PS 621 et seq. No jurisdiction in equity is conferred. The Act of May 4, 1927, P. L. 519, section 3307, as amended, 53 PS 15211.7 relates to matters of law and does not confer jurisdiction in equity upon the County Courts.

The order of the court below is reversed and the record is remitted with a *procedendo.* Costs to abide the event.