Joseph Earl **WILLMORE**, Plaintiff-Appellee,

v.

**HERTZ CORPORATION**, a Delaware Corporation, and **Rembrandt, Inc.,** a Missouri Corporation, Defendants-Appellants.

No. 20221.

United States Court of Appeals, Sixth Circuit.

Feb. 1, 1971.

James L. O'Connell, Cincinnati, Ohio, Smith, Haughey & Rice, by David O. Haughey, Lawrence P. Mulligan, Grand Rapids, Mich., Lindhorst & Dreidame, Cincinnati, Ohio, on the brief, for appellants.

Fred C. Newman, Lansing, Mich., Newman & MacKay, Lansing, Mich., on the brief, for appellee.

Before McCREE, BROOKS, and MILLER, Circuit Judges.

McCREE, Circuit Judge.

This is a diversity action for personal injuries sustained in an automobile accident, and the appeal is taken from a judgment entered on a jury verdict of $75,000 against both defendants.

The accident occurred in the late evening of March 14, 1965. Willmore was driving south on state route M-66, a two-lane highway, in Montcalm County, Michigan, and defendants' driver was proceeding in the opposite direction on the same highway. The physical evi-

dence indicated, and the parties agree, that the vehicles collided head-on in plaintiff's lane. Plaintiff's passenger and defendants' driver died from injuries sustained in the collision. Plaintiff, the only other person involved, was seriously injured and has no recollection of the occurrence because of traumatic retrograde amnesia. There were no other witnesses to the accident and, accordingly, no eyewitness testimony was offered at trial.

Both sides called accident reconstruction experts to testify. Defendants' expert testified that in his opinion plaintiff's vehicle had been traveling in the wrong lane immediately before the collision and that both vehicles swerved into plaintiff's lane in an unsuccessful last-minute maneuver.

Plaintiff's expert, on the other hand, concluded that plaintiff's automobile had been in its own lane at all relevant times before the accident. Both experts buttressed their opinions by deductions from the physical evidence.

■ Appellants contend that, in light of the evidence they presented, it was error for the District Court to have denied their motion for a directed verdict. We disagree. Under applicable Michigan law, proof of the presence of a vehicle in the wrong lane at the time of a collision gives rise to a presumption that the driver of that vehicle was at fault. Male v. Square Deal Cartage Co., 276 Mich. 251, 267 N.W. 831 (1936); Sanderson v. Barkman, 264 Mich. 152, 154, 249 N.W. 492 (1933); Ross v. Michigan Mut. Auto Ins. Co., 224 Mich. 263, 270, 195 N.W. 88 (1923). Accordingly, even if defendants' expert testimony sufficed to rebut this presumption, plaintiff's expert testimony which conflicted with it created a jury question.

■ Appellants also contend that it was error for the court to have excluded from evidence plaintiff's prior driving record. This ruling, however, was mandated by a Michigan statute, which provides that "[s]uch record shall not be admissible as evidence in any action, civil or criminal, arising out of a motor vehicle accident." Mich.Comp.L. § 257.-502. Moreover, since plaintiff could not testify about the accident because of his amnesia, even if the statute permitted, the record could not have been employed to impeach him. Appellant offers no other theory for its admission.

■ Another contention made by appellant is that the District Court erred in allowing counsel for plaintiff to read into evidence the operative report of a physician who was not called to testify. The admission of such evidence was proper under either the federal or state business record statutes, which employ virtually identical language.[1] It further appears that no objection was made to the admission of plaintiff's Exhibit 17, of which the operative report was a part.

■ Appellants' fourth contention is that the District Court erred in refusing to allow one of the state patrolmen who investigated the case to employ, while testifying, the police accident report which he and another officer had jointly prepared. Appellants mistakenly argue for the admission of the writing as past recollection recorded. Appellee sought to make no such use of the report. The witness was properly permitted to use it to refresh his recollection, and no attempt was made to offer the report itself into evidence as required by the past recollection recorded doctrine.

The final ground upon which appellant claims error is the instruction in which the District Court advised the jurors in part that

In considering the amount of any damages which you might award in the future for an existing injury, it is appropriate for you to take into ac-

---

1. 28 U.S.C. § 1732; Mich.Comp.L. § 600.-2146. Both statutes are derived from the Model Act prepared under the auspices of the Commonwealth Fund. *See* C. McCormick, Evidence § 289, at 607 n. 6 (1954).

count the reduced value of today's dollar. You may consider that what in the past might have been excessive is not on the same facts necessarily exorbitant today; that which is adequate compensation today might not meet the cost of living in the future.

Your verdict may take into account the fact that changes take place in the purchasing power of money and in the cost of living. These changes may be reflected in the amount of any award you might make. These matters of economic development and consequences are so much a matter of common knowledge that you are entitled to consider them, although there may not have been expressly expert testimony.

Of course the portion of the instruction which allows the jury to consider past inflation in determining the amount of an award is clearly correct, Normand v. Thomas Theatre Corp., 349 Mich. 50, 61–62, 84 N.W.2d 451 (1957); and appellants' reliance upon this court's decision in Sleeman v. Chesapeake & Ohio Railway Co., 414 F.2d 305 (6th Cir. 1969), with reference to future fluctuation in purchasing power is misplaced since we were there concerned with a federally created cause of action. Additionally, we observe that the discussion in *Sleeman* of the consideration of current economic trends in awarding future damages was dictum inasmuch as reversal resulted from the failure of the District Court to reduce future damages to their present worth.

█ The Michigan courts have not squarely determined whether it is appropriate to allow a jury to consider the prospect of future inflation in fixing damages for personal injuries, and there is a division of authority among other jurisdictions on this point. *Annot.*, 12 A.L.R.2d 611, 646 (1950). However, in *Normand, supra*, the Michigan Supreme Court, in affirming a jury verdict which was awarded in part as compensation for permanent injuries and for future pain and suffering, observed that

On the very day of this writing (July 15, 1957), the Detroit Free Press observed editorially something this Court may and should judicially notice: "and the pace of inflation has been stepped up from a crawl to a trot."

349 Mich. at 61, 84 N.W.2d at 451. Since the District Court's obligation in applying state law

extends not merely to definitive decisions, but to considered dicta as well, and if explicit pronouncements are wanting, the federal court should endeavor to discover the law of the state on the point at issue by considering related decisions, analogies, and any reliable data tending convincingly to show what the state rule is

1A J. Moore, Federal Practice ¶ 0.-307[2], at 3312, we do not hold that the instruction of the District Judge, who was formerly a Michigan Circuit Judge, was erroneous.

Affirmed.