**Carl GOLDEN, Plaintiff,**
**v.**
**Robert F. SOMMERS et al., Defendants.**
**Civ. No. 71–293.**

United States District Court,
M. D. Pennsylvania.
Sept. 11, 1972.

Thomas J. Foley, Jr., Scranton, Pa., Charles B. Pursel, Bloomsburg, Pa., for plaintiff.

John R. Lenahan, Joseph A. Murphy, Scranton, Pa., for defendants.

## OPINION

MUIR, District Judge.

The subject matter of this suit is an automobile-truck accident which occurred on August 6, 1969, in South Abington, Township, Lackawanna County, Pennsylvania. On May 17, 1972, a unanimous jury by special verdict found that Defendant Robert F. Sommers, the driver of the truck, had acted in reckless disregard of Plaintiff's safety, thus causing the accident. In the second part of this bifurcated trial they returned a verdict of $92,200.00 in compensatory damages. Since it was stipulated that Sommers was the agent of the other two Defendants in this suit, judgment was entered in favor of Plaintiff and against

all three Defendants. Defendants' motions for judgment notwithstanding the verdict and for a new trial were denied on August 9, 1972. This Opinion is intended to set forth the reasons for said denial.

■■ Defendants' first contention in support of their motions was that the evidence was insufficient to warrant a jury charge on Sommers' reckless misconduct, and further that the jury's finding in this regard is not supported by the evidence. These contentions have been rejected because the evidence supports factual findings from which the conclusion that Sommers acted in reckless disregard of Plaintiff's safety might justifiably be drawn. It appears that Sommers, driving a fifty-foot flatbed tractor-trailer south on a four-lane highway at about 11:00 P.M. on a clear night, turned left across the two northbound lanes of the highway in order to enter the grounds of the company to which he was delivering a load of black pipe. Sommers did not signal his intention to make this left turn and turned without first having come to a stop. The speed limit at this point of the highway was 55 miles per hour, and Plaintiff was travelling north at about 50 miles per hour prior to applying his brakes. Plaintiff was about 150 feet from Defendant's truck when Sommers started to turn. Sommers was aware or should reasonably have been aware that it would be very difficult for Plaintiff to slow down sufficiently to avoid hitting the lengthy truck or having to swerve into the southbound lanes of traffic. Yet Defendant placed his slow-moving, heavily-laden truck, lacking adequate side marker lights, across such a large part of the northbound lanes of the highway that Plaintiff did not have sufficient time or visual cues to avoid the trailer. The above-recited evidence justified the jury's finding of reckless disregard. The three elements necessary to make such a finding are present in this evidence. As the jury was charged, these elements are: (1) that Defendant consciously chose a course of action which placed Plaintiff in a perilous situation; (2) that this course of action involved a risk of harm substantially greater than that which is required for a finding of negligence; and (3) that Defendant either knew that his conduct would expose Plaintiff to serious danger or had knowledge of facts which would have disclosed the imminence of danger to a reasonable man. 2 N.T. 105–110. This three-element test, derived from Sec. 500, Restatement of Torts, 2d, is Pennsylvania law. Parker v. Jones, 423 Pa. 15, 20, 223 A.2d 229 (1966); Evans v. Philadelphia Transp. Co., 418 Pa. 567, 574, 212 A.2d 440 (1965).

■ Defendants next asserted that the Court erroneously failed to charge the jury that a Plaintiff who acts in reckless disregard of his own safety is barred from recovering against a reckless Defendant. See Sections 482(2) and 503, Restatement of Torts, 2d. Defendants did not raise this objection at trial. Under Fed.R.Civ.P. 51, "[n]o party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection." The only exception to this rule is if "there was 'fundamental' error in a charge which was 'highly prejudicial' and failure to rectify the error 'would result in a gross miscarriage of justice.'" Harkins v. Ford Motor Company, 437 F.2d 276, 278 (3d Cir. 1970) (citations omitted). Such was not the situation here because the evidence of reckless disregard on Plaintiff's part is tenuous at best. Defendants point to some slight evidence that Plaintiff's speed was somewhat excessive and that he temporarily failed to see the truck when it was revealed by his headlights. While the

evidence referred to might conceivably have been sufficient to justify a finding of contributory negligence, a finding of reckless disregard by Plaintiff would have had to have been set aside. See Sec. 502, Restatement of Torts, 2d.

■ Defendants also .raised several objections to the special verdict questions which were submitted to the jury. The most substantial of these is that the questions should not have been used in this case. They cited Wright, The Use of Special Verdicts in Federal Court, 38 F.R.D. 199, 206 (1965), for the proposition that Fed.R.Civ.P. 49(a), which provides for such questions, is designed for use in confusing or complicated litigation, not in a simple two-vehicle accident case. No case has been cited to me and my research has not unearthed any holding that it is error to use special verdict questions in a case such as the instant one. Their use was particularly advisable here because there were several issues for jury consideration: recklessness, negligence, contributory negligence, and proximate causation. Such questions help to focus the issues for the jury and to avoid decision of issues which are not relevant to their verdict. Furthermore, I see no prejudice to Defendants in their use here.

■ Defendants further contended that at the very least they are entitled to a new trial on the issue of damages. They asserted that they were prejudiced when the Court charged on punitive damages without there being sufficient evidence in the record to justify such damages. I disagreed. But even if such a charge were not warranted, the correct remedy after trial would be to strike from the judgment the portion of it which had been awarded as punitive damages. Chambers v. Montgomery, 411 Pa. 339, 345, 192 A.2d 355 (1963). Here two verdict slips were submitted to the jury, one for compensatory damages and one for punitive damages. The jury inserted "zero" in the punitive damage slip.

■ Again with respect to a new trial on damages, Defendants claimed that they were severely prejudiced by the reference to inflation which counsel for Plaintiff made in his rebuttal summation to the jury during the damage portion of the trial. See 4 N.T. 67–68. Plaintiff's counsel clearly exceeded the proper scope of his rebuttal summation, and was so admonished by the court, since defense counsel had not mentioned inflation in his summation. In this sense, there was error by counsel here. However, it is not clear that counsel's reference to inflation would have been improper if it had been made during his opening summation. I have found no Pennsylvania law on the issue of whether a jury may properly consider inflation in assessing damages in personal injury cases. The few jurisdictions which have considered this issue are divided. *Compare* Willmore v. Hertz Corporation, 437 F.2d 357 (6th Cir. 1971) *with* Williams v. United States, 435 F.2d 804 (1st Cir. 1970); see Annotation, 12 A.L.R.2d 611, 646 (1950). Since Plaintiff's actuary had already testified without objection that he had not considered inflation in arriving at his figure for the present worth of Plaintiff's future lost earnings, it appeared to me that the subject of inflation was already in the minds of the jurors and that Plaintiff's rebuttal reference to inflation was harmless error. 4 N.T. 52; Fed.R.Civ. P. 61.

■ Defendants' third argument in favor of a new trial on the damages was that the Court erroneously sustained Plaintiff's objections to defense inquiries about Plaintiff's payment of self-employment taxes. Defendants maintain that this line of questioning was relevant to determining when Plaintiff would retire, and hence to the issue of his work expectancy. Again I disa-

greed. The amount of Plaintiff's retirement benefits, and their effect on his work expectancy, are completely conjectural. Moreover, evidence of such benefits is not admissible, even where their amount and effect are certain, because they emanate from a source other than Defendants. *See* Boudwin v. Yellow Cab Co., 410 Pa. 31, 188 A.2d 259 (1963); Palandro v. Bollinger, 409 Pa. 296, 186 A.2d 11 (1962); Lobalzo v. Varoli, 409 Pa. 15, 185 A.2d 557 (1962); Layman v. Doernte, 405 Pa. 355, 175 A.2d 530 (1961); Moidel v. Peoples Natural Gas Co., 397 Pa. 212, 154 A.2d 399 (1959).

■ Defendants' contention that the Court erred by not including in its charge to the jury mention of work expectancy tables was also rejected. There were no such tables in evidence. Furthermore, as Plaintiff's actuary testified, work expectancy tables for a self-employed travelling salesman such as Plaintiff would not be statistically sound. 4 N.T. 59–60. Defendants were not prejudiced here because both the actuary and the Court in its charge noted that work expectancy may be less than life expectancy. See 4 N.T. 56–57; 59–61; 77–78.

■ Defendants' final argument was that the Court erred in instructing the jury on the determination of the present worth of loss of future earnings because the evidence showed that Plaintiff had been and would continue to be able to work after the accident, albeit to a lesser degree than prior thereto. There was no error here. The jury was charged that it was up to them to determine "the effect, if any, of his injury upon his future earning capacity." 4 N.T. 75.

Having given due consideration to Defendants' arguments, it was my view that the denial of their motions for a judgment n. o. v. and for a new trial was proper. Fed.Civ.P. 61.