**Waber, trad. as Winmont Associates
v. Norbeck**

*I. Leonard Hoffman,* for plaintiffs.
*David Kanner,* for defendants.

WEINROTT, J. August 3, 1973.—Winmont As-

sociates own, and all other plaintiffs are tenants of a multi-family apartment house located at 2101 Winchester Avenue, Philadelphia, Pa. They have brought this action in equity seeking an injunction against defendants, and allege that, subsequent to plaintiffs' occupation and use of the tenancy, defendants purchased the adjoining premises and use it in such a way as to create a nuisance, thereby destroying plaintiffs' quiet use and enjoyment of their property.

Plaintiffs allege that defendants have erected a stable which houses five horses, and, as a result, unreasonable odors and noise levels are created during the day and night which deprive plaintiffs of their sleep. It is alleged that this violates the zoning laws as well. Defendants admit that they have erected the stable, but deny that any nuisance is created.

We enter the following

## FINDINGS OF FACT

1. Plaintiff, Alfred Waber, trading as Winmont Associates, owns and operates a multi-family apartment complex located at 2101 Winchester Avenue, Philadelphia, Pa.

2. The remainder of the plaintiffs are tenants of 2101 Winchester Avenue, Philadelphia, Pa., and occupy various apartments therein.

3. Defendants, Francis A. Norbeck and Lillian M., his wife, are the owners, operators and residents of premises 9111 Old Newtown Road (through to Winchester Avenue), Philadelphia, Pa., which property is zoned "R-12" residential.

4. Defendants purchased their said premises on June 2, 1970, with no stable or horses housed on the

premises at said time, or by their predecessor in title.

5. Defendants constructed their stable upon the said premises approximately five to ten feet adjacent to plaintiff, Winmont Apartments' boundary line, and approximately 20 feet from plaintiff's building line, and has housed horses therein since on or about September 1972.

6. Defendants presently maintain and house five horses and one pony within the stable upon their said premises.

7. The character of the immediate locality in which plaintiffs and defendants reside is residential, single-family and multi-family apartments, free from adjacent commercial or industrial uses.

8. Said stable, as owned and operated by defendants, creates daily loud and disturbing noises from the horses housed and maintained therein, continuing through all hours of the day and night, which are so loud, boisterous and intolerable that plaintiffs and their families are disturbed and annoyed at night, and are unable to rest and sleep in peace and quiet, and the noises are affecting the quiet use and enjoyment by the individual plaintiffs and their families who reside in the Winmont Apartments.

9. Said stable, as owned and operated by defendants, discharges recurring, offensive and unwholesome odors which impregnates plaintiffs' premises.

10. Plaintiffs had no notice of the intended use of defendants' premises as a stable or for the housing of horses thereon prior to the completion of the construction of the stable and the housing of horses therein on or about September 1972.

11. Defendants do not have a permit from the Department of Licenses and Inspections of the City of Philadelphia to use the premises, 9111 Old Newtown

Road (through to Winchester Avenue), Philadelphia, Pa., as a stable or for the housing or keeping of horses therein, the same having been revoked by the zoning board of adjustment on the ground that said use was not permitted in an "R-12" residential district.

## DISCUSSION

A "nuisance" by definition is an unreasonable use of property which causes injury or damage to another in the legitimate enjoyment of his rights.

A fair test as to whether a particular use of property constitutes a nuisance is the reasonableness or unreasonableness of the use of the property complained of in the particular locality and in the manner and under the circumstances of the case: Hannum v. Gruber, 346 Pa. 417.

The utilization of part of defendants' property as a stable is not per se a nuisance, but may be rendered so by the failure to maintain it in such a fashion that the noises and odors emitted into the atmosphere do not cause unreasonable harm to adjoining property holders. We recognize the principle that plaintiffs are entitled to the quiet use and enjoyment of their ownership or tenancy whether or not their health is affected. We find, however, that the noises the horses have created, especially during the nighttime and over the weekends, have substantially interfered with the ability of plaintiffs to get a proper night's sleep. We have no doubt that defendants have failed to exercise that degree of supervision over the maintenance of the stable that it causes unreasonable annoyance to the neighbors in the form of excessive noises and odors permeating the atmosphere.

We are aware, however, that defendants are not engaged in a business and merely are exercising the rights of a private property owner. Nevertheless, the

use to which they put their property cannot work to the detriment of the neighbors when that use creates, as we hold, a nuisance.

Although an issue was framed and evidence taken in regard to the revocation of a building permit by the zoning board of adjustment, we need not consider the effect of that proceeding even if successfully appealed by defendants. We make no determination as to whether or not defendants' use complies with the zoning laws: Perrin's Appeal, 305 Pa. 42; Mazeika v. American Oil Co., 383 Pa. 191.

We feel under the circumstances, however, as was done in Hannum v. Gruber, supra, that it is appropriate to enter a decree nisi restraining defendants from the continuance of the nuisance forthwith, but that the matter be retained by this court for a period of 90 days from this date when plaintiffs may elect to present additional evidence for the purpose of showing that defendants have improved the operation of their stable so as to eliminate the matters complained of. At further hearing, defendants may show that they have eliminated the nuisance, if that be the case.

Consequently, we enter the following

## CONCLUSIONS OF LAW

1. Defendants' use, maintenance and operation of premises 9111 Old Newtown Road (through to Winchester Avenue), Philadelphia, Pa., as a stable, and the housing or keeping of horses on said premises in the present circumstances is an unreasonable use of property which causes injury and damage to plaintiffs in the legitimate enjoyment of their rights of person and property.

2. Plaintiffs are entitled to the right of peace and comfort in their residences and adjoining grounds,

and to be free from offensive and unreasonable noises and unwholesome odors.

3. Defendants' maintenance and operation in the present circumstances of their said premises, 9111 Old Newtown Road (through to Winchester Avenue), Philadelphia, Pa., as a stable, and the housing or keeping of horses on said premises, constitute a continuing private nuisance.

4. Plaintiffs have no adequate remedy at law.

5. Plaintiffs' rights are not barred by laches.

6. Plaintiffs' prayer for a grant of an injunction is granted.

7. That this court has jurisdiction of the subject matter and the parties.

In view of the foregoing, we enter the following

## DECREE NISI

And now, to wit, August 3, 1973, it is ordered, adjudged and decreed as follows:

1. Defendants, Francis A. Norbeck and Lillian M. Norbeck, his wife, are restrained from maintaining and operating premises 9111 Old Newtown Road (through to Winchester Avenue), in the City of Philadelphia, as a stable for the housing or keeping of horses.

2. Defendants are directed to take the necessary action to eliminate the unreasonable noises and odors created by the horses housed in their stable.

3. The decree herein entered shall be effective for the period of 90 days from date hereof, at which time the parties shall present themselves to this court with a view toward establishing whether or not the matter as complained of in the complaint in equity has been corrected.

The prothonotary is directed to enter this decree nisi and give notice thereof to the parties and their counsel.